Bradford v. Bush.

## BRADFORD, use, &c. v. BUSH.

1. It cannot be intended, merely because one is authorized to sell property, that his agency continues so as to permit him to rescind the sale, or adjust the damages which the vendee may sustain by a breach of warranty.

2. If the vendee relies upon the acts and declarations of a third person, in defence to an action for the purchase money, he must show that, that person occupied such a situation in respect to the vendor, as made them evidence against him.

3. Where the declarations of a party are given in evidence against him, it is competent to prove every thing he said at the time upon the subject, but not what he said subsequently.

4. A party cannot discredit his own witness, or show his incompetency; if however, his testimony is adverse, he may make out his case by other witnesses.

5. C sold a mare to R, the latter to B, who again sold her to Bush, representing that she was but two years old; at the time of the sale by C, he informed R that the mare was four years old: *Held*, that the representation by C to R was inadmissible, it not appearing that B or his agent were aware that it had been made.

6. Whether an affirmation by the vendor of personal property, made at the time of the sale, was the mere expression of opinion, or the positive assertion of a fact, intended and understood as a warranty, is an inquiry properly referrable to the jury.

7. An agent employed to sell a horse, may warrant him to be sound, and of a certain age, if his authority be not restricted.

Writ of error to the Circuit Court of Benton.

This was an action of assumpsit at the suit of the plaintiff in error, upon a promissory note made by the defendant on 3d November, 1841, by which he promised to pay to the plaintiff, the sum of five hundred dollars, on the 25th December, 1842. The cause was tried on issues joined upon the pleas of—1. Non assumpsit. 2. Want of consideration. 3. Failure of consideration. 4. Payment. 5. Set off. A verdict was returned for the plaintiff for $229 89, and judgment was rendered accordingly.

On the trial, the plaintiff excepted to the ruling of the court. It is shown by the bill of exceptions, that the plaintiff read the note declared on as evidence, and there rested his case. The defendant then introduced T. M. Likens as a witness, who testified that he acted as the agent of the plaintiff in the sale of two mares, called "Eliza Gray," and "Miss Lumpkin," and two colts, for other property, and the note now in question. Under the impression that "Eliza Gray" was two years old in the spring of 1841, he so represented her to the defendant. Witness further stated, on cross-examination that in a conversation with the defendant, subsequent to the trade, the latter said to him, that "Eliza Gray" was one year older than he represented her; to which witness replied that he would take her back, and return an amount of the property he had given in the exchange equal in value to the estimate placed on her; but defendant did not accept the offer. Defendant then attempted to prove by the witness, that in a subsequent conversation, the defendant had said to him, that "Eliza Gray" was older than she was represented to be at the time of the exchange, and "Miss Lumpkin" was unsound; that this conversation was had in the presence of one Alexander. The defendant next offered to prove by Alexander, that he (defendant) said to Likens, that the property purchased was not sound; to which the latter replied, if it was not he would make it so, but nothing was then said about taking it back. To the admission of the testimony of Alexander the plaintiff objected—his objection was overruled, and thereupon he excepted.

"Eliza Gray" was bred by one Connelly, who sold her to one Riddle, from whom the plaintiff purchased. Connelly was offered as a witness, and testified that she was four years old in the spring of 1842. Defendant then offered to prove by witness, that he (witness) sold "Eliza Gray" to Riddle, representing her age truly. To the admission of this latter evidence plaintiff objected; his objection was overruled, and he again excepted.

The defendant was allowed to prove further by a witness, who stated that he was a good judge of horses, the value of those in question. This witness testified, that "Eliza Gray"

if but two years old, would have been worth $500, but if four years old, her value would not have exceeded $150.

S. F. Rice, for the plaintiff in error, insisted—1. That the conversation of the defendant and Likens, as stated by the witness, Alexander, was inadmissible. It was equally improper to have inquired of Likens on his re-examination as to what defendant said in a conversation subsequent to that narrated. The evidence of Alexander was incompetent for the additional reason, that its tendency was to contradict the defendant's own witness. [2 Hayw. R. 154; 2 Dev. & Bat. 39, 244; 3 Ala. 529.]

It is immaterial what Connelly may have said to Riddle about the age of the mare; the rights of the parties to this suit cannot be affected by it. *Non constat*, that the plaintiff was informed of it. As to him it is irrelevant and hearsay. [1 Porter's Rep. 99; 4 Ala. Rep. 40; 1 Dev. Rep. 445.]

The evidence, so far from showing that Likens made a fraudulent respresentation as to the age of "Eliza Gray," proves the reverse. He may have been mistaken, but the mistake was an honest one. [8 Porter's Rep. 133.] To have made the evidence of Turner admissible, it should appear, not only that there was a false representation, but fraud should also have been established. Likens was the plaintiff's agent to sell, but it does not appear that his agency continued after the sale—it cannot be so intended, and his acts and declarations are inadmissible to charge the plaintiff.

Porter, for defendant. 1. Whatever might have been the question, as to the authority of Likens, as the agent, to bind his principal, the objection·was to the whole evidence. The court could not rule it out. It had certainly some relation to the issue, and the party had a right to submit it for what it was worth.

2. The evidence of Connelly was only an incidental explanation, probably, of the transaction, and did not prejudice the plaintiff.

3. The evidence of Turner was applicable to the issue. The age of a horse, and the value consequent thereon, is a

matter of science, and to this point defendant had a right to inquire of persons of knowledge.

COLLIER, C. J.—It does not follow that if a person is authorized to sell property, his agency continues, so as to permit him to rescind the sale, or adjust the damages which the vendee may sustain by a breach of warranty. The transaction is complete by the sale, and the rights of the parties become vested, the one in the thing sold, and the other in the price. And it is incumbent upon the vendee, if he relies upon the acts or declarations of a third person as furnishing a defence to the payment of the purchase money, to prove that that person occupied such a relation in respect to the vendor, as made his acts and declarations evidence against him.

Where the declarations of a party are given in evidence against him, it is competent to prove every thing he said at the time, upon the same subject. But it is not permissible for him to prove what he said at a subsequent time.

A party may show the facts to be different from what his own witness has stated them. Where a witness by surprise gives testimony against the party who calls him, he may make out his case by other witnesses. It is however, understood to be well settled, that a party cannot discredit the testimony of his own witness, or show his incompetency; and the reason of the rule is this, it would be unfair that he should have the benefit of the testimony if favorable, and be able to reject it if the contrary. See Winston v. Mosely, 2 Stew. R. 137. We need not stop to make a particular application of these principles; for it is sufficiently apparent that the ruling of the circuit court, in respect to the testimony of the witness, Alexander, and the conversation of the defendant and Likens is directly opposed to them.

It does not appear, that what was said by Connelly to Riddle at the time of the sale by him to the latter, was ever communicated to the plaintiff or his agent. Upon no principle were such declarations admissible evidence upon the trial of this cause; but should have been treated as *res inter aliso*. Their tendency could only have been to embarrass the cause and mislead the jury; and should therefore have been rejected.

The question whether the affirmation of Likens, at the time of the trade with the defendant, that "Eliza Gray" was two years old, was a mere representation of his opinion, or was a positive assertion of a fact, and intended and understood as a warranty, is a matter properly referrable to the jury. See Ricks v. Dillahunty, 8 Porter's Rep. 134, and cases cited at page 139. In Skinner v. Gunn, 9 Porter's Rep. 305, it was held, that "an agent employed to sell a horse may warrant him to be sound, that being usually done in such cases," unless there is some restriction upon his power. See also, Gaines v. McKinley, 1 Ala. R. N. S. 446. As the age of a horse is usually an important consideration in adjusting his value, which in the absence of knowledge upon the subject, skill and judgment are required to ascertain it. Upon principles of analogy, an agent to sell, with unrestricted powers, is authorized to warrant the age of a horse. There is nothing in the record to inform us, that the court did not properly refer to the jury the effect of Likens' representation as to the age of "Eliza Gray," and in the absence of proof to the contrary, we must intend that its action in this respect was regular. But however this may be, as the matter was before the jury by the evidence, the testimony of Riddle, showing the difference in value of such a filly, if she had been two instead of four years old, and thus furnishing a criterion by which the damages should be recouped, was altogether pertinent. If the jury were of opinion that what Likens said did not amount to a warranty, of course the evidence of Riddle would pass for nothing, but if they attained the opposite conclusion, then, that evidence would be important.

It results from what has been said, that the judgment of the circuit court must be reversed and the cause remanded.