# BOOKER vs. ADKINS.

[ACTION ON PROMISSORY NOTE.]

1. *Opinion of witness; what question as to process of arriving at, may be properly disallowed.*—A witness called without objection, to prove the value of the hire of certain slaves in 1863 in lawful money, from facts in evidence, and his general knowledge of such matters, after stating his estimate, was asked, on cross-examination, how he arrived at his opinion. The court sustained an objection to the question,—*Held,* not error, because the question was too indefinite.

2. *Bankruptcy of party after appeal to supreme court; when not sufficient ground to set aside judgment.*—If a party becomes bankrupt after the submission of a cause in the supreme court, the judgment will not be set aside, but will be rendered as of the date of the submission.

3. *Same; what not sufficient evidence of bankruptcy, &c.*—A mere suggestion, on information and belief, by the appellant, that the appellee has become bankrupt since the appeal, but before judgment rendered in this court affirming the judgment of the court below, will not authorize any action by the supreme court.

APPEAL from the Circuit Court of Perry.
Tried before Hon. M. J. SAFFOLD.

This was an action by the appellee against the appellant on a promissory note given for the hire of slaves in 1863. There was a verdict and judgment for the plaintiff. The point upon which the case turns is fully set out in the opinion. The appellant assigns error upon two other matters, but as there seems to have been no exception reserved as to the matters complained of, it is unnecessary to refer further to them.

BROOKS, HARALSON & ROY, for appellant.
MORGAN, BRAGG & THORINGTON, *contra.*

B. F. SAFFOLD, J.—The consideration of the note sued on was the hire of slaves for the year 1863.

The description of the slaves, and the character of the labor performed by them during that year, having been

sufficiently ascertained by other testimony, Richard H. Lee was examined by the plaintiff, without objection, touching the value of their services in lawful money. He estimated it at $400; but said they would not have hired for anything in United States currency at that time. There was none then in circulation in the country. On cross-examination, he was asked how he arrived at his opinion, but the plaintiff objecting to the question, the court refused to allow him to answer. This ruling is assigned as error.

The question was too indefinite. It called for every fact in the knowledge of the witness, and every process of his mind, relating to the matter. His competency to testify was not objected to by the defendant. Nor was it objected that sufficient facts upon which he might form a correct opinion were not given in evidence.

The action of the court on the questions to which the first and second assignments of error refer, does not seem to have been excepted to on the trial.

The judgment is affirmed.

NOTE BY REPORTER.—After the rendition of the judgment of affirmance in this case, and on a succeeding day of the term, appellant moved to set aside the judgment rendered by this court, on the ground that the appellee, since the appeal, but before the rendition of judgment, had become a bankrupt. It is not clear from the motion, whether the bankruptcy occurred before or after the submission of the cause, and the bankruptcy was suggested on information and belief. The opinion of the court overruling the motion was delivered by

SAFFOLD, J.—The appellant alleges the bankruptcy of the appellee, on information and belief only. This is not such evidence of the fact of his bankruptcy as will justify any action of this court in the matter.

If the bankruptcy occurred after the submission of the cause, the judgment would not be set aside, but would be rendered as of the date of the submission.

The motion is denied.