## CITY OF ROXBURY vs. JOSEPH NICKERSON.

No action can be maintained to recover an assessment, made under Gen. Sts. c. 48, § 4, upon a person's entering his particular drain into a common sewer constructed by a city or town ; but the only remedy, in such case, is the enforcement of the lien given by § 5 of the statute.

CONTRACT to recover the amount assessed to the defendant, under Gen. Sts. c. 48, § 4, upon his entering his particular drain into a common sewer laid by the city.

At the trial in the Superior Court, before *Bacon*, J., without a jury, the defendant, after the plaintiff had opened his case, asked 'he court to find a verdict for the defendant upon the ground that no action at law could be maintained for the assessment. The judge ruled that the action could not be maintained, and ordered judgment for the defendant, and the plaintiff alleged exceptions.

*H. W. Chaplin*, for the plaintiff.

*C. T. Russell*, for the defendant.

ENDICOTT, J. The first general act which gave to cities and towns authority to construct and maintain main drains and common sewers, and to assess the cost on those whose estates are benefited thereby, was St. 1841, *c.* 115. By this act the assessments so made constitute a lien on such estates, to be levied by a sale, to be conducted in like manner as sales for the non-payment of taxes. These provisions are embodied in Gen. Sts. *c.* 48, under which the city of Roxbury laid the assessment now sought to be recovered from the defendant in an action of contract.

We think it very clear that this action cannot be maintained. The provisions above recited conferred new powers upon municipal corporations and prescribed a method of enforcing the powers given. Cities and towns, accepting the provisions of the statutes, are confined to that method in collecting these assessments. *Andover Turnpike* v. *Gould*, 6 Mass. 40. *Crapo* v. *Stetson*, 8 Met. 393.

It was urged by the plaintiff, that as, previous to St. 1841, every person assessed for his proportion of the expense of constructing and maintaining a main drain or common sewer, could be sued for the same in an action at law, the remedy provided by lien and sale is cumulative, and that the plaintiff can elect which to pursue. Rev. Sts. *c.* 27. But these provisions, which are also reënacted in Gen. Sts. *c.* 48, gave this right of action only to individuals, who by the consent and under the direction of the selectmen could construct drains and common sewers at their own expense, and recover from those benefited thereby their proportional part of the expenses duly assessed. The town had no authority to construct and maintain drains and sewers, or to expend money and assess for the same. The powers given, there-

fore, by the later statutes are not in addition to any powers previously conferred, but are wholly new, and can only be executed as the statute provides.

The case of *Lowell* v. *Wyman*, 12 Cush. 273, is relied on by the plaintiff. In that case the city of Lowell, having authority by its charter to construct sidewalks in front of buildings, at the expense of the owners, could enforce the collection of the same by an action at law, no specific remedy being provided. *Lowell* v. *Wentworth*, 6 Cush. 221. By a subsequent act amending the charter, a lien was given on the estate. This was held to be a cumulative remedy, given for greater security, and did not supersede the remedy by action. But that principle has no application here.                                    *Exceptions overruled.*

