# Collier & Pinckard *v.* Davis Brothers.

*Action for Agreed Compensation under Written Contract.*

1. *Foreign corporations; constitutional and statutory restrictions on right to do business here; contract of agent violative of.*—An agent of a foreign corporation, which has not complied with the conditions imposed by constitutional and statutory provisions on the right to do business in this State (Const. Ala., Art. XIV, § 4; Sess. Acts 1886-7, p. 102), can not maintain an action to recover compensation agreed to be paid him for services rendered in procuring a loan from it; but, in an action on such contract, if the complaint does not aver or show that the plaintiff was acting as agent of a foreign corporation, and that the contract was made in Alabama, these facts must be alleged in a plea which invokes the constitutional and statutory provisions in defense.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

This action was brought by Collier & Pinckard, suing as partners, against M. P. Davis and A. Z. Davis, to recover damages for an alleged breach by the defendants "of a written agreement entered into by them on the 2d December, 1887," which was set out in the complaint, as follows: "I have this day employed Collier & Pinckard to negotiate for me a loan of $10,000, for the term of five years, with interest at the rate of eight per cent. per annum, upon a mortgage securing the same, which shall be a first lien on my farm in Lowndes county, Alabama; now, if said Collier & Pinckard shall succeed in negotiating said loan within sixty days, upon the usual conditions as to security," &c., "I agree to pay them the sum of $500 cash commissions, and to deliver them my notes as follows," &c.; "and if from any cause I am unable or unwilling to carry out the provisions of this contract, I agree to pay said Collier & Pinckard the sum of $500 in cash at once, for services in negotiating." The complaint alleged that plaintiff's complied with all the stipulations of the contract on their part to be performed, and negotiated a loan of $10,000 for defendants on the terms specified, but defendants refused to accept the same, and refused to pay the stipulated compensation.

The defendants interposed, with other pleas, a special plea marked *K*, as follows: "That the loan and contract of borrowing was to be made with a foreign corporation having no au-

thority to do any business within the State of Alabama, having no authorized agent or known place of business in Alabama; and that an agreement to pay back the borrowed money, with interest thereon, and to make a mortgage upon lands in this county, was to be made with a foreign corporation, viz., the American Freehold Land Mortgage Company of London, Limited, which had no authorized agent and no known place of business in this State, and has never been authorized under the laws of Alabama to do business in this State; and that plaintiffs were in fact the agents of said corporation."

The court overruled a demurrer to this special plea, and its judgment thereon is here assigned as error.

ROQUEMORE, WHITE & McKENZIE, and W. R. HOUGHTON, for appellants.

WATTS & SON, contra.

STONE, C. J.—On February 28, 1887, the act was approved "to give force and effect to section four of article fourteen of the Constitution of the State of Alabama."—Sess. Acts, 102. Under that statute, it is required that "every company, corporation or association not organized under the laws of Alabama," before engaging in any business in this State, shall have at least one known place of business, and an agent thereat. The statute prescribes in what manner the place of business and the name of the agent shall be made known. The statute then makes it a penal offense for any agent of a foreign corporation, which has not complied with this constitutional and statutory provision, to do any act of agency for such corporation. Of course, to fall within this statutory inhibition, the act of agency must be done within the State of Alabama, for otherwise neither the corporation nor the agent, nor any act done by either, could be amenable to our laws.

The complaint in this case, while it sets forth that the agreement sued on was entered into after February 28, 1887 —the date of the statute—does not state where the alleged agreement was made, nor does it show from whom they undertook to obtain the money, which Davis Brothers engaged them to borrow for them. Neither does it show from whom, or where, they succeeding in obtaining the promised loan. There is nothing in the complaint which gives notice that the constitutional provision and statute, referred to above, exert any influence in the decision of the questions presented in this record.

Plea marked *K*, interposed by Davis Brothers, and de-

murrers to it interposed by Collier & Pinckard, raise the only
question presented. The Circuit Court overruled the de-
murrer. Plea $K$ sets up in bar of the action that the
loan and contract of borrowing were to be made with a for-
eign corporation; that such corporation had no known place
of business in Alabama, with an agent thereat; that the cor-
poration from which the money was to be obtained was the
"American Freehold Mortgage Company of London, Limited,"
and that Collier & Pinckard were in fact the agents of the
corporation.

If the complaint or plea had averred or shown that the
agreement between Collier & Pinckard on the one side and
Davis Brothers on the other was entered into in Alabama,
then it would have been shown that a foreign corporation
through its agent, or the agent of a foreign corporation, had
engaged in business, or transacted business in Alabama, with-
out a compliance with our Constitution and statute. This
would have made the agreement illegal and non-enforceable.
There is nothing, however, to show that such was the case.
It is perfectly consistent with every averment of the plead-
ings that the agreement declared on was executed outside of
the State of Alabama. And if Collier & Pinckard were not
agents of the corporation, then there is nothing stated that is
incompatible with the idea that the loan was to be ne-
gotiated outside of Alabama's limits. The *situs* of the
security offered is not necessarily determinative of that in-
quiry, although it may be a factor to be considered.

We are referred to the fact that the plea we have pro-
nounced faulty is a copy of the one decided by this court to be
sufficient in *Dudley v. Collier & Pinckard*, 87 Ala. 431.
That suit was on a contract similar to the one declared on
in this case. The report of that case does not inform us what
were the averments of the complaint. It may have shown on
its face that the agreement declared on was executed in Ala-
bame. If it did, the ruling was clearly correct.

With the exception of what we have stated, we re-affirm all
that was said in *Dudley v. Collier.*

Reversed and remanded.