ELLIOTT E. BOUDINOT

*v.*

EDWIN WINTER, Admr.

*Opinion filed April 18, 1901—Rehearing denied June 12, 1901.*

1. MORTGAGES—*a defendant in foreclosure has burden of overcoming complainant's prima facie case.* In foreclosure by an administrator, the introduction of the notes.and mortgage, the same being in his possession and assigned to his intestate, makes a *prima facie* case for foreclosure, and the burden is upon the defendant to prove the defenses set up in his answer.

2. EVIDENCE—*party calling for documentary evidence from adversary cannot accept favorable parts and reject others.* A party who calls upon his adversary for the production of documentary evidence cannot, when it·is produced, claim the benefit of such portion thereof as may be to his advantage and at the same time reject that tending against him and also deprive his opponent of the right to its use.

*Boudinot* v. *Winter*, 91 Ill. App. 106, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

LAWRENCE & LAWRENCE, for appellant.

G. F. REARICK, for appellee.

Per CURIAM: This is an appeal from a judgment of the Appellate Court affirming a decree of the circuit court. In deciding the case, the Appellate Court delivered the following opinion:

"Appellee, as the administrator of S. James McKee, deceased, filed his bill in equity to foreclose a mortgage executed by appellant for $4000, May 17, 1889, with seven per cent interest, payable semi-annually, to Charles E. Houghton, upon an undivided half interest in certain city property in Danville, of which McKee owned the other half. Appellant filed answer to the bill, in which it is claimed, in substance, that by agreement between the

joint owners, November 17, 1889, McKee was to, and did, assume control of all the buildings upon the property, except the third story thereof, receive the rents, including $1100 back rent, pay the taxes, and for repairs, and, with appellant's one-half of the residue, was to pay the interest upon the mortgage and apply the remainder upon the Houghton note; that appellant had control of the third story since July 1, 1893, and the deceased collected $14,000 rents, expended $9000, paid $1260 interest on the mortgage, and at his death had a surplus in his hands of $1240 due to appellant, and since the death of McKee his heirs have received as rent $1400; that, while the deceased controlled the property, he, by his negligence, lost $1759 rents which he might, by ordinary diligence, have received. The answer admits the receipt of $2250 by appellant as rents from the third story, and claims an expenditure of $800 for necessary repairs. It is also claimed in the answer, that, the mortgage having been then owned by Helen C. Cole, she extended the time from March 9, 1897, for a consideration, to May 17, 1900, to whom interest was paid until the assignment to McKee. Appellant also filed a cross-bill, containing substantially the matter of his answer, with the addition that, although the loan was in the name of Houghton, it was in fact McKee who furnished the money and owned the security, and at such time appellant paid $120 additional interest, thereby creating usury, and that the assignment by Houghton had no legal effect. The cross-bill also avers that McKee kept the entire account of the renting, receiving rents and expenditures, and has books and memoranda relating thereto; that no settlement thereof has ever been had; that appellant has no book accounts, memoranda, writings, or other means by which to determine the amount of rents received, and no means of knowing the relation of Houghton and McKee, or the amount paid directly by appellant for the first year's use of the $4000; that McKee was a careful, methodical

business man, and kept books of accounts, receipts, memoranda and other writings, which contain a full and detailed recital of the whole of said transactions, and concludes with prayer for an answer, waiving the oath; that defendant make full and complete discovery of all the matters charged, and if he knows of the transactions of his personal knowledge, what are shown upon the books of account, cash book, journal, pass-books or other memoranda or documents in writing belonging to the deceased, and that he make diligent and reasonable search, without unnecessary delay, to ascertain the facts, and that he answer fully, specifically and in detail as to each and everything found or known by him in regard to said transactions. Appellee answered the cross-bill, giving the accounts called for from the books and writings of the deceased, 'fully, specifically and in detail,' both of receipts and expenditures of rents, which answer was sworn to by appellee in the usual form in such cases. Replications were filed to the answers to the original and cross-bills, and issues having been thus formed, the cause was referred to the master to take the evidence and report the same with his conclusions of law and fact, and having so reported, to which appellant duly objected and excepted, the court, upon the final hearing, in all substantial or material respects overruled the exceptions and gave final decree against appellant of foreclosure for $8018.40 and for balance of rents $381.01, to reverse which he brings this appeal, and to effect such reversal has argued various alleged errors, chief among which are that the decree is not supported by the evidence, and that the court erred in giving the effect of a sworn answer to the cross-bill.

"When appellee introduced in evidence the notes and mortgage as he did, the same being in his possession and assigned to McKee, a *prima facie* case for the foreclosure thereof was made against appellant, and the burden of proof was upon him to show the arrangement with

McKee, set forth in his answer, was true, and that McKee had received rents belonging to him, or to show some other affirmative matter of defense having the effect to discharge the obligation of the note and mortgage. Appellant contends the evidence in the case and the answer to the cross-bill combined, accomplish the purpose of sustaining his theory of defense, and this formed the principal matter for determination by the trial court, and the same contention is renewed in this court. Independently of the answer to the cross-bill, we think the evidence falls far short of establishing such defense.

"It is, however, contended that the answer to the cross-bill is to be treated as a pleading, and, in so far as it admits the receipts of rents, is to be taken against appellant, but that wherein it asserts expenditures, appellee is required to furnish proof by a preponderance of the evidence before any advantage would accrue to him by reason of anything claimed in the answer by way of discharge, and, inasmuch as the cross-bill waives the oath to the answer, such answer cannot be treated as evidence. If the cross-bill is entitled to be treated as distinctly a bill for discovery only, then appellant could not, under the plain provisions of the statute, waive the oath to the answer or preclude the effect of such answer when so filed. But, in the conclusion we have reached in respect to this question, we do not deem it material whether the cross-bill is to be treated as a mere bill for discovery or not, as the effect, upon a proper decision of the case, would be the same. If the cross-bill is a mere bill for discovery, it was only for the purpose of disclosing the books of accounts of the deceased, about which it is not claimed by either side appellee had any personal knowledge, except, perhaps, as to their identity. He could not, and did not, assume to know or swear the books of account were correct or accurate, and his oath to the answer in this respect, as an evidentiary matter, did not add to or. detract from their probative force. There was

nothing peculiarly within the knowledge of appellee that appellant could not gain by other simple means, such as notice to produce, and the like, without a resort to a bill of discovery, and whether the cross-bill should be treated as a bill of discovery, or a mere notice to produce the books of account and other writings and memoranda of McKee, the effect, it seems to us, is the same, and none other. In response to the requirements of the cross-bill, and therefore at appellant's request, the books of account were set up in the answer, and we do not understand it is claimed, when produced in evidence, they are different in any material respect from the description given in the answer.

"The case, then, is in this position: Appellant avers in his cross-bill he himself kept no books of account; that McKee did keep the entire account of renting, receiving rents and expenditures, and that McKee was a careful, methodical business man and kept such accounts, which contained a full and detailed recital of the whole transactions, and appellant, having no other means of proving the matters contained in his cross-bill, called for the production of McKee's books, writings and memoranda, and, at his instance, they were so produced. They may have been disappointing in respect to what they prove, but, be that as it may, we know of no principle that will enable a party to a suit to call upon his adversary for the production of documentary evidence, and, when it is so produced, claim the benefit of such part or portion thereof as may be to his advantage, and, at the same time, reject such part as tends against him, and also deprive his opponent of the right to its use. It is not a question, here, whether the answer is to be treated as a pleading, merely, for in such case, no doubt, appellant's contention is sound, but it is to be considered as a question of the use by appellant, at his own instance, of the books of the deceased as evidence in the case, which he himself says in his bill, in legal effect, are accurate.

"There is no force in appellant's insistence that the answer producing the books, including the account for expenditures, is not responsive to the cross-bill. It is directly responsive and in answer to the cross-bill, wherein it avers, as it does, that McKee kept the entire account of renting, receiving rents and expenditures, and required a full and complete discovery or production of the things charged.

"We are of the opinion the decree charges the estate of McKee with all that it is liable for in consequence of the negligence of the deceased in failing to rent the property or collect rents, and we are satisfied with the finding of the master in this respect; and upon the evidence that was before the court, the finding that appellant owed a balance of rents in his hands of $381.01 is sustained. It is true he claimed a credit of $800 for expenditures, but there is not sufficient evidence upon which it could be justly allowed.  *  *  *

"Upon the whole record we are satisfied with the decree, and believe it as nearly reflects the justice of the case as the facts warrant. We are of the opinion the cross-errors are without merit; and the same is true of the motion by appellee to award damages against appellant under the provisions of the statute concerning appeals for delay. We cannot say that appellant has brought this appeal for delay, merely, but, on the contrary, from the earnestness and plausibility with which counsel have presented their argument, by which a reversal of the decree is sought, we conclude it was not brought for such purpose, and the motion will be denied.

"Finding no error in the decree of the circuit court it will be affirmed."

We concur in the foregoing views, and in the conclusion above announced. Accordingly, the judgment of the Appellate Court is affirmed.          *Judgment affirmed.*

Mr. JUSTICE WILKIN took no part in the decision of this case.