CASE 6.—ACTION BY W. C. HOPKINS AND ANOTHER AGAINST S. M. SLUSHER AND ANOTHER, ON AN APPEAL BOND.—Dec. 11.

## Slusher, &c. v. Hopkins, &c.

Appeal from Bell Circuit Court.

M. J. Moss, Circuit Court.

Judgment for plaintiffs.    Defendants appeal. Affirmed.

1. Appeal Bond—Affirmance on Appeal—Release of Sureties—Bankruptcy of Principal—The sureties on an appeal bond executed to stay proceeding on a judgment in the circuit court until it can be heard and determined in the appellate court, can not be released from liability on the bond on the ground that the principal in the bond has been discharged as a bankrupt after the judgment of the lower court was affirmed in the appellate court.

WILLER & POINTS for Appellants.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

In May, 1904, the appellees recovered a judgment in the Bell circuit court against the appellant John Slusher for the sum of about $800. On the 24th day of January, 1905, John Slusher was granted an appeal in this court, and thereupon executed an appeal bond, with S. M. Slusher and W. J. Slusher as sureties. The bond was in the usual form, by which the parties covenanted that John Slusher, would pay to the plaintiffs therein all costs and damages adjudged against him on the appeal, and would satisfy and perform the judgment in the event it was affirmed by the court of appeals. On November 9, 1905, that judgment was affirmed by this court (89 S. W., 244). It appears that on October 27, 1905, the appellant John Slusher filed his petition and application in the United States court for the Eastern District of Kentucky, seeking a judgment discharging him in bankruptcy from all debts and liabilities then existing, including that above mentioned. Such proceedings were had therein, and on January 9, 1906, the court regularly discharged him from all his debts and liabilities. This action was instituted by the appellees against the sureties on the appeal bond above mentioned, and for defense they pleaded the judgment of the United States court discharging their principal in bankruptcy. The lower court disregarded this plea, and rendered judgment against them for the amount due, of which they complain.

In support of their position that they are not liable on the bond, appellants cite the case of Payne & Brother v. Able, &c., 7 Bush, 344, 3 Am. Rep., 316. That case, however, is dissimilar in some respects to

the one under consideration. There the discharge in bankruptcy, and the plea setting up that fact, took place before any judgment was rendered in the lower court. Here the action was prosecuted to a judgment in the lower court, and the appeal taken and affirmed by this court, before the principal was discharged in bankruptcy. There is still another substantial difference in the cases. The bond in the case cited was for the release of attached property. The sureties did not agree to pay any particular sum. Here, however, the sureties agreed to pay the judgment that was rendered against their principal if it was affirmed by this court. Section 16 of the present bankruptcy law reads as follows: "The liability of a person who is a co-debtor with, or guarantor, or in any manner a surety for, a bankrupt, shall not be altered by the discharge of such bankrupt." Act July 1, 1898, c. 541, 30 Stat., 550 (U. S. Comp. St., 1901, p. 3428). Collier in his work on Bankruptcy (4th Ed., p 187), in discussing this section, with reference to the release of sureties from liability on appeal bonds, uses this language: "Here, if the law of the State does not permit the discharge to be pleaded in the appellate court, the discharge of the principal does not relieve his surety. If it may be pleaded in such court, no final judgment being possible against the principal, the surety is relieved." Several cases are cited in support of the text. Under our Code there is no authority permitting a pleading of this nature to be filed in the court of appeals. It is certain, however, that no such plea was offered in this court on the appeal; nor could one have been offered, as that case was affirmed before the principal was discharged in bankruptcy.

The case of Knapp et al. v. Anderson et al., 71 N. Y., 466, is similar in many respects to that at bar.

In the opinion therein it is said: "The discharge of the appellant in bankruptcy, pending the appeal did not release the sureties upon the appeal bond from their liability. The discharge did not affect the appeal, or stay proceedings upon it, or prevent a judgment therein." In this case the sureties, by the execution of the appeal bond in question, obtained for their principal, John Slusher, a stay of all proceedings for the enforcement of the judgment rendered against him for near 12 months, thus preventing the appellees collecting the same; and, if their contention herein could be sustained, it would result in a great hardship upon the appellees, depriving them of their right to maintain an action now upon the appeal bond for the sole reason that their principal, by his own voluntary act, took advantage of a law which releases him from the payment of the judgment. It would be a strange procedure, indeed, which afforded the appellants, under these circumstances, a means of escape from their liability to the appellees.

As the judgment of the lower court is in accord with our views herein expressed, it is affirmed.