[Vandiver v. American Can Co.]

# Vandiver *v.* American Can Co.

## *Assumpsit.*

(Decided November 7, 1914.  67 South. 299.)

1. *Appeal and Error; Submission on Appeal; Effect of Death or Disability of Party.*—Where a case is regularly and properly submitted on appeal to this court, neither the death nor the disability of any of the parties subsequently occurring will disturb the submission.

2. *Same.*—Where this court rendered a judgment on appeal regularly and properly submitted, but the situation of the parties have materially changed subsequent to the submission, the judgment or decree rendered will take effect as of the date of submission.

3. *Same; Disposition; Matters Occurring After Judgment.*—Matters occurring after judgment in the trial court do not affect the determination of the question on appeal as to whether the judgment shall be affirmed or reversed.

4. *Same.*—Where the parties appealing voluntarily submitted the case to this court without calling the court's attention to their bankruptcy after the rendition of the judgment appealed from, this court will not set aside the submission, but will dispose of the appeal on its merits.

5. *Same; Trial De Novo.*—On an appeal from a judgment at law, the Supreme Court may only affirm or reverse the judgment, and may not try the case de novo.

6. *Bankruptcy; Discharge; Effect on Sureties on Appeal Bond.*—Where bankrupts voluntarily submit to this court a case on their appeal from an adverse judgment rendered before their bankruptcy, without calling this court's attention thereto, the remedy of the sureties on the supersedeas bond must be sought in the bankruptcy court.

7. *Corporation; Foreign; Right to Sue.*—A foreign corporation may sue for a debt created in another state, or arising in an interstate transaction, although at the time of the creation of the debt, it did some business in the state in violation of the constitutional and statutory provisions of this state regulating foreign corporations.

8. *Evidence; Book Accounts.*—Where a party uses book accounts against the adverse party he makes them evidence for the latter on the same subject, and where a part is used, the whole is admissible.

9. *Same.*—Where a plaintiff introduced a page of defendant's ledger which showed plaintiff's debt on the debit side, an entry on the credit side containing a suggestion of a pending settlement was properly excluded.

APPEAL from Montgomery City Court.

Heard before Hon. W. W. PEARSON.

Assumpsit by the American Can Company against Henry Vandiver. Judgment for plaintiff, and defendant appeals. Affirmed.

RUSHTON, WILLIAMS & CRENSHAW, and CHARLES L HAROLD, for appellant.

BALL & SAMFORD, for appellee.

DE GRAFFENRIED, J.—On the 28th day of June, 1912, the plaintiff, the American Can Company, obtained a judgment in the circuit court of Montgomery county against Henry F. Vandiver and J. G. Musgrove, "late partners doing business under the firm name of Vandiver Planting & Canning Company." On the 26th day of July, 1912, the defendant Henry F. Vandiver took an appeal from said judgment to this court. In taking the appeal he superseded the judgment of the circuit court by giving a supersedeas bond with two solvent sureties on said bond. The case was submitted in this court for the judgment of this court on said appeal, on December 19, 1912.

1. It appears, from certain applications which have been made to this court to set aside the above submission, that on the 19th day of September, 1912—after the appeal had been taken to this court and before the submission of the cause in this court—an involuntary petition in bankruptcy was filed in the federal court against the said Henry F. Vandiver, and that on the 10th day of October, 1912, the said Vandiver was adjudicated a bankrupt, and George Stuart was elected trustee in bankruptcy in said proceedings. On the 28th day of December, 1912—after this case had been submitted on the appeal taken to this court—Henry F. Vandiver filed in the said bankruptcy proceeding a petition for his discharge.

2. On the 10 day of December, 1912, the said defendant, J. G. Musgrove, filed in the federal court a voluntary petition in bankruptcy, and on the 11th day of December, 1912, was adjudicated a bankrupt. On that same day the said George Stuart was appointed trustee in said bankruptcy proceeding.

3. The schedules in the above bankruptcy proceedings show the above judgment as a debt against both Vandiver and Musgrove, and the said American Can Company has received a dividend out of the estate of the said Vandiver as a bankrupt.

4. We learn the above facts with reference to the bankruptcy proceedings against Vandiver and Musgrove from the applications which have, since this case was submitted on this appeal for the judgment of this court, been filed in this court, wherein we are asked to set aside the submission and permit the bankruptcy proceedings to be shown to this court. There are also in our hands certain papers telling us that, since this application to set aside this submission was made, both Vandiver and Musgrove have received their discharges in their respective bankruptcy proceedings, but not until after this case had been here finally submitted was this court in any way informed of the bankruptcy proceedings. We presume that this application to set aside this submission is really dictated by a desire to save the sureties upon the supersedeas bond of Henry F. Vandiver.

(1, 2) 5. When a cause is regularly and appropriately submitted on appeal to the court, the case is no longer under the control of the parties. Neither the death, nor any other sort of disability, of any of the parties, occurring after the submission, is permitted to disturb the submission. When this court renders a judgment or decision in a cause which, on appeal, has

[Vandiver v. American Can Co.]

been regularly and appropriately submitted to this court for its judgment or decree, and the situation of the parties materially changes subsequent to the submission of the cause, then, in such a case, the judgment or decree will be rendered by this court as of the day of the submission.—*Booker v. Adkins*, 48 Ala. 529; R. C. L. 215.

(3) The bankruptcy of Vandiver and Musgrove occurred after the judgment was rendered against them in the circuit court, and the general rule is that: "Matters occurring after judgment in the lower court do not affect the determination of the question whether the judgment shall be affirmed or reversed."—2 R. C. L. 214, and authorities there cited.

(4) In addition to this, the parties saw proper to voluntarily submit this cause for the judgment of this court on this appeal without, in any way, calling the attention of this court to the above bankruptcy proceedings. The situation of the parties is now substantially the same as it was when they voluntarily appeared at the bar of this court and submitted their cause to this court for a judgment of affirmance or reversal. This court therefore should not now, after the submission, in the absence of a clear right, accept the suggestion of bankruptcy and set the submission aside.—*Booker v. Adkins, supra;* 2 R. C. L., supra.

6. In addition to the above, it is not made to appear that it matters to the estate of the bankrupt whether this submission is or is not set aside. The worst thing that can happen to the estate of the bankrupt at the hands of this court is the affirmance of the judgment.

As we understand these applications, the judgment is being treated by the trustee as a valid debt against the estates of the bankrupts, and the only persons real-

ly interested in this proceeding are the sureties on the supersedeas bond of Henry F. Vandiver.

(5, 6) This court is not authorized to try this matter de novo. Our only authority is to affirm or reverse the judgment of the circuit court of Montgomery county. The case was brought here by the bankrupts, not for a trial de novo, but for the purpose of attempting to obtain a reversal of the judgment of the trial court because of alleged errors committed during the trial. The bankrupts saw proper, when they submitted this cause on this appeal to this court, to treat the judgment as valid, and there is no machinery provided by our laws or rules of court for such an application as they now make. If the judgment is void, as is now claimed by the appellants, then the sureties can find relief in the federal court where the estates of the bankrupts are being administered.—*Slusher v. Hopkins,* 124 Ky. 44, 97 S. W. 1128; *Knapp et al. v. Henderson et al.,* 71 N. Y. 466. We are not disposed to open up a submission which was voluntarily made by the bankrupts, without in any way disclosing, at the time of the submission, that they, in any way, desired to avail themselves of the bankruptcy proceedings or, as to that matter, without, in any way, informing this court of such bankruptcy proceedings. If we were here to try this cause de novo, then the bankrupts could plead their bankruptcy; but, as we have already said, we have no authority to try this case de novo. The judgment, if void, because of the bankruptcy proceedings, is void because of the policy which the Bankruptcy Act has established, and not because of any inherent vice or fraud in the judgment itself. It has always been the rule in this state for the courts to refuse to inquire into the validity of such a judgment, "unless its invalidity is properly pleaded or called to the attention of the court

[Vandiver v. American Can Co.]

by a party interested in such judgment."—*Ex parte Banks*, 185 Ala. 275, 64 South. 74. If a bankrupt sees proper to allow a judgment to go against him without pleading his bankruptcy, or to submit a case in this court after he becomes a bankrupt without calling the attention of this court to the fact of his bankruptcy, he alone is to blame. In this case the parties who have filed these applications to set aside this submission were sui juris when this submission was had, and, having then neglected to call this court's attention to this matter, the application cannot be received. It may be that, in the federal court, which has jurisdiction of these bankruptcy matters, upon appropriate proceedings, the judgment of the circuit court and all subsequent proceedings would be declared to be null and void. This case, having been regularly submitted, will be determined on this appeal just as if no bankruptcy had occurred. If, before the submission of the cause, our attention had been appropriately called to this matter, an order staying the appeal might have been entered. It may be that the bankruptcy proceedings have discharged the sureties on the supersedeas bond.—*Young v. Howe*, 150 Ala. 157, 43 South. 488; *Goyer v. Jones*, 79 Miss. 253, 30 South. 651; *Hamilton v. Bryant*, 114 Mass. 544. But, if so, they must obtain relief in the federal court which has jurisdiction over the judgment which in this case is appealed from, and which court is provided with the procedure necessary for the determination of that question.

(7) 7. The pleas of the defendant setting up that the plaintiff was, at the time the demand sued upon in this case was created, a foreign corporation doing business in Alabama and not properly qualified under our laws to do business in this state, were subject to the demurrer of plaintiff. The pleas do not allege that

the demand sued upon was created in Alabama, or that it arose out of an Alabama transaction. It may be that at the time this debt was created the plaintiff was doing some sort of business in Alabama in contravention of its laws. This debt, however, may have been created in another state, or it may be that it arose in an interstate transaction. These defects were pointed out by the demurrer, and the trial court properly sustained the demurrer.—*Collier & Pinckard v. Davis Bros.,* 94 Ala. 458, 10 South. 86.

(8) 8. We quote with approval the following proposition copied by appellants in their brief, from *Pendleton v. Weed,* 17 N. Y. 72: "If a party uses books of account against his adversary, he makes them evidence for him on the same subject. * * * If part is used, the whole relating to the same matter is admissible.

The above is plainly the law and is supported by the following other authorities: *Boudinot v. Winter,* 190 Ill. 394, 60 N. E. 553; *Veiths v. Hagge,* 8 Iowa, 163; 3 Wigmore on Ev. § 2118.

(9) In the instant case the plaintiff introduced a page of the defendant's ledger. This page showed, on the debit side, the plaintiff's debt. On the credit side was the following entry in ink: "June 21. To 8 notes to Samford and Ball, attys., $4,453.31." And, in pencil, the following other entry: "The notes (8) in number not delivered, holding pending settlement."

The trial court committed no error in refusing to allow the above entries on the ledger sheet to go to the jury. They had, under the pleadings, nothing to do with this case. The ledger sheet itself showed this. They simply contained an insidious suggestion of a pending settlement of the litigation, and could have had no legal effect upon the case.

[Vandiver v. American Can Co.]

9. Under all the evidence in this case, the plaintiff was entitled to affirmative instructions in its behalf, and it is therefore unnecessary for us to further consider this case.

The judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.