CISCO OIL MILL v. SHEPHERD. (No. 557.)

(Court of Civil Appeals of Texas. El Paso. April 13, 1916.)

BANKRUPTCY ⟨⚡⟩431—EFFECT OF DISCHARGE—SURETIES ON APPEAL—LIABILITY.

Where after appeal by defendant from an adverse judgment of a justice he was adjudicated a bankrupt, his discharge in bankruptcy, which precluded judgment against him in county court, also protected the sureties on his appeal bond; the bond being conditioned that the sureties would pay and satisfy any judgment that might be rendered against the principal.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 783–786; Dec. Dig. ⟨⚡⟩431.]

Error from Callahan County Court; L. L. Blackburn, Judge.

Action by the Cisco Oil Mill against M. A. Shepherd, begun in justice court, and appealed by defendant to the county court. From a judgment of the county court in favor of defendant, plaintiff brings error. Affirmed.

See, also, 176 S. W. 822.

F. S. Bell, of Baird, for plaintiff in error. Dallas Scarborough, of Abilene, for defendant in error.

HARPER, C. J. This suit originated in the justice court of Callahan county. There the Cisco Oil Mill, plaintiff, secured a judgment against M. A. Shepherd, defendant, for $107.60, upon open account. Within the time prescribed by law Shepherd perfected his appeal from said judgment to the county court, by filing an appeal bond with J. N. Shepherd and W. C. Lasley, as sureties, February 20, 1912.

Thereafter appellee, M. A. Shepherd, filed proceeding in bankruptcy, and upon the 7th day of July, 1913, the United States District Court entered its order of discharge:

"That said Michael Andrew Shepherd be discharged from all debts and claims which are made payable by said acts against his estate which existed on the 25th day of February, 1913, on which day the petition for adjudication was filed by him, except such debts as are by law excepted from the operation of a discharge in bankruptcy."

On the 19th day of September, 1914, the cause, as on appeal, was called for trial in the county court, and defendant Shepherd pleaded his discharge in bankruptcy in defense to the rendition of any judgment against him, and upon hearing before the court judgment was entered in favor of defendant, M. A. Shepherd, and the sureties upon the appeal bond, that plaintiff take nothing by its suit, from which it comes to us upon writ of error for review.

The appellant contends that he was entitled to a judgment against the principal and his sureties; if not against the principal, M. A. Shepherd, which could be collected, then a judgment against him, with an injunction restraining its execution, with judgment against the sureties for the payment of the debt.

The debt of the principal has been discharged by the order in bankruptcy. The liability of the sureties is limited to or by a strict construction of their bond; for there can be no liability as to the surety unless a judgment is procured in the action against the principal. Their bond was to pay off and satisfy any judgment that might be rendered against their principal and them as sureties in the county court, and there could be no judgment rendered in the county court against their principal, for the reason that he is released from his debt, for which the suit is prosecuted by his discharge.

In the case of Wolf v. Stix, 99 U. S. 1, 25 L. Ed. 313:

"Section 5118, R. S., provides that: 'No discharge shall release, discharge or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise.' The cases are numerous in which it has been held, and we think correctly, that if one is bound as surety for another to pay any judgment that may be rendered in a specified action, if the judgment is defeated by the bankruptcy of the person for whom the obligation is assumed, the surety will be released. The obvious reason is that the event has not happened on which the liability of the surety was made to depend. Of this class of obligations are * * * appeal bonds."

The rule might be different, as held in St. Louis W. Publ. Co. v. Rialto Grain & S. Co., 108 Mo. App. 479, 83 S. W. 781, if the judgment in the county court had been entered prior to the order of discharge, or again as held in Slusher v. Hopkins, 124 Ky. 44, 97 S. W. 1128, where the bond was given after final judgment, and the sureties obligated themselves to pay the judgment if affirmed by the appellate court, etc. But the distinction between the instant case and those relied upon by appellant is apparent. In this case the debt was discharged by the release in bankruptcy before it was established by judgment. It having been released, the county court had no authority to enter a judgment for the amount.

The judgment therefore must be affirmed; and it is so ordered.