(90 South. 343)

## LEVERETT v. GARLAND CO.    (3 Div. 529.)

(Supreme Court of Alabama. Oct. 27, 1921.)

**1. Appeal and error ⬅917(2)—Presumed that demurrer pointed out defect in plea.**

It will be presumed on appeal that demurrers to pleas not found in the record, which were sustained by the court, pointed out any defect appearing therein by assigning a tenable ground of objection to it.

**2. Principal and agent ⬅103(14)—No presumption that selling agent has authority to accept return of goods.**

There is no presumption from an agent's authority to sell goods that he has authority, after the goods are shipped and delivered to the purchaser by the seller, to receive them back and rescind the sale.

**3. Corporations ⬅672(6)—Plea as to unlawful doing of business in state insufficient in that it fails to show where cause of action arose.**

In action by a corporation for goods sold, a plea averring that plaintiff at time of making the contract was organized under the laws of another state, and doing business in this state in violation of Const. 1901, § 232, and Code 1907, § 3642, as to designation of agent and place of business, was insufficient where it failed to allege the demand sued on arose in the state, or that the contract of sale was made in this state, since the debt may have been contracted outside or may have been the result of an interstate transaction.

**4. Commerce ⬅8(1)—Provision as to foreign corporation's doing business in state inapplicable to interstate transaction.**

The provisions of Const. 1901, § 232, and Code 1907, § 3642, relating to foreign corporations doing business in the state, have no application to interstate transactions.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Corporations** ⊜⇒661(4)—**Violation of requirement as to agent and place of business by doing business with others immaterial as to corporation's right to sue buyer from it.**

Violation by a foreign corporation of Const. 1901, § 232, and Code 1907, § 3642, as to designation of agent and place of business, by doing business in the state with persons other than a buyer of goods from it, has no bearing on its right to sue him for the price, since such goods may have been shipped to him in interstate commerce.

**6. Corporations** ⊜⇒661(4)—**Buyer from corporation not complying with requirement as to agent and place of business not entitled to complain that it sued only for goods legally sold.**

If part of goods sold by a foreign corporation were sold, illegally by reason of its failure to comply with Const. 1901, § 232, and Code 1907, § 3642, as to designation of agent and place of business, and the remainder were not being shipped in from outside, the buyer cannot complain of its separating the legal from the illegal, and suing only for the price of goods legally sold and delivered.

Appeal from Circuit Court, Montgomery County; W. L. Martin, Judge.

Assumpsit by the Garland Company against G. D. Leverett. Judgment for the plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The following are the pleas referred to in the opinion:

(2) Comes the defendant and for answer to the complaint says that each count of the complaint is based upon a contract between plaintiff and defendant whereby plaintiff agreed to sell to defendant certain items of paint products. And defendant avers that said contract is null and void and should not be enforced, for that plaintiff at the time of entering into such contract was a corporation organized under the laws of the state of Ohio, and was at such time doing, or attempting to do, business within the state of Alabama, in violation of the provision of the Constitution and of section 3642 et seq. of the Code of Alabama of 1907, in that said corporation carried a stock of goods at Birmingham, Ala., from which shipments were made to purchasers in the state of Alabama and other states; that said corporation had failed or refused to designate an agent and a known place of business as required by said Code, and had failed or refused to file with the Secretary of State of Alabama the information required of foreign corporations doing business within the state, according to law.

(3) For answer to the complaint and each count thereof says that each count of the complaint is based upon a transaction wherein and whereby plaintiff, through its agent, one Emmet A. Jones, sold to defendant certain paint products described in the complaint; that said goods were received by defendant, and were by him returned in like good order and condition as when received to the said Emmet A. Jones, as agent of the plaintiff.

(4) Comes the defendant and for answer to the complaint says that each count of the complaint is based upon a contract between the plaintiff and defendant, whereby plaintiff agrees to sell to defendant certain items of paint or paint products. And defendant avers that at the time of ordering the items sued for he ordered other items of paint products; that all of the other items, to wit, 15 barrels of paint, were shipped from Birmingham, Ala., according to the agreement between defendant and plaintiff's agent; that for its own convenience, and without the knowledge or consent of defendant, plaintiff made shipment of the particular item sued upon from Cleveland, Ohio, instead of Birmingham, Ala., although same was purchased at the same time and under the same terms and conditions as the items shipped from Birmingham, Ala., referred to above. And defendant avers that said contract is null and void and should not be enforced for that the plaintiff at the time of entering into such contract was a corporation organized under the laws of the state of Ohio, and was at such time doing business within the state of Alabama, in violation of the provision of the Constitution and of section 3642 of the Code of Alabama of 1907, in that such corporation carried a stock of goods in Birmingham, Ala., from which the shipments were made to the purchaser in the state of Alabama; that the items sued upon were contracted to be shipped from Birmingham, Ala., together with other items as aforesaid; that said corporation had failed or refused to designate an agent and a known place of business as required by said Code, and had failed or refused to file with the Secretary of the State of Alabama the information required of foreign corporations doing business within this state according to law.

The demurrers raised the points discussed in the opinion. The court at the conclusion of the testimony gave the affirmative charge for the plaintiff.

J. S. Parrish, of Montgomery, for appellant.

The pleas set up the fact that the goods covered by the account were embraced in and sold as a part of an entire contract, which was void. Section 232, Const. 1901; section 3642 et seq., Code 1907, and authorities there cited. Plea 3 set up a good defense.

Weil, Stakely & Vardaman, of Montgomery, for appellee.

In the absence from the record of the demurrers, the presumption is that every tenable ground of objection was made. 200 Ala. 351, 76 South. 117. Plea 2 was not good. 190 Ala. 35, 66 South. 684. Plea 3 was subject to the demurrer. 10 Ala. 386; 137 La. 713, 69 South. 148; 31 Cyc. 1360. If certain items are legal, and others illegal, suit may be brought for the legal items, notwithstanding it could not be maintained for the illegal

items. . 117 Ala; 661, 23 South. 699; 66 Ala. 582; 198 Ala. 383, 73 South. 525; 13·C. J.. 515.

MILLER, J. The Garland Company, a corporation, sues G. D. Leverett for $250. There are two counts in the complaint. The first is based on an itemized account. The second ·is on an account stated between plaintiff and defendant or for merchandise, goods, and chattels sold by plaintiff to the defendant. There are. three special pleas. They are numbered 2, 3, and 4. Demurrers were sustained by the court to each. These rulings of the court are the only assignments of error insisted on in brief by appellant.

[1] We find in the record no demurrers to pleas 2 and 3. This being true, the court will presume, if the plea is insufficient or defective, that plaintiff's demurrer pointed out the defect by assigning a tenable ground of objection to it. Vogler v. Manson, 200 Ala. 351, 76 South. 117.

[2] Plea 3 is defective in failing to aver that plaintiff's agent was authorized to receive the goods back, and did accept them for plaintiff. There is no presumption from an agent's authority to sell goods that he has authority after the goods are shipped and delivered to the defendant by the plaintiff to receive them back and rescind the sale. Bradford v. Bush, 10 Ala. 386; 31 Cyc. 1360, headnotes 62 and 63.

[3, 4] Plea 2 avers that plaintiff at the time of making the contract was a corporation organized under the laws of the state of Ohio, and at such time was doing business in Alabama in violation of the Constitution and section 3642 of the Code of 1907. This plea is insufficient in failing to allege that the demand sued upon arose in Alabama or the contract for the sale of the goods was made in Alabama, or that it arose out of a transaction made in Alabama. The debt may have been contracted outside of Alabama, or the debt may be the result of an interstate transaction; on such matters the statute and Constitution have no application. Collier & Pinckard v. Davis Bros., 94 Ala. 456, 10 South. 86; Vandiver v. Am. Can Co., 190 Ala. 352, 67 South. 299; section 232, Const. 1901; section 3642, Code 1907.

[5] Plea 4, like plea 2, avers plaintiff is a nonresident corporation doing business in Alabama at the time of this transaction, without complying with section 3642 of the Code of 1907.. This plea, like plea 2, does not aver where the contract was made, where the debt was contracted, or where the agreement was consummated; it may have been in Alabama, outside of Alabama or partly within or partly without Alabama—interstate. For the transaction to receive the condemnation of the statute it must be in Alabama. The plea must aver it. This plea does not. Collier v. Davis, 94 Ala. 456, 10 South. 86; Vandiver v. Am. Can Co., 190 Ala. 352, 67 South. 299. It may be from the allegations of this plea that plaintiff had a stock of goods in Birmingham, Ala., from which it shipped to purchasers in Alabama under contracts in violation of this law; but this plea does not aver this debt, the basis of this suit, was contracted in Alabama in contravention of the statute. The transactions by this plaintiff with others, though illegal, have no bearing on this alleged cause of action. Vandiver v. Am. Can Co., 190 Ala. 352, 67 South. 299. This plea avers, according to the agreement between defendant and plaintiff's agent, "at time of ordering the items sued for" he ordered other items; that all of the other items (15 barrels of paint) were shipped from Birmingham, Ala., and "without the knowledge or consent of the defendant plaintiff made shipment of the particular item sued upon from Cleveland, Ohio, instead of Birmingham, Ala., although same was purchased at the same time and under the same terms and conditions as the items shipped from Birmingham, Ala.

[6] Thus it appears affirmatively from this plea that the goods, the price for which this suit was brought, were. shipped from Ohio direct to the defendant, and not in violation of the statute. If part of the goods sold defendant at the same time by plaintiff's agent were in contravention of the statute, and the part sued for were not, the defendant could not complain at plaintiff separating the legal from the illegal items and suing for and seeking judgment for the price only of those goods which were legally sold and delivered by plaintiff to the defendant. 13 Corp. Jur. p. 515, § 472, par. 13; Wadsworth v. Dunnam, 117 Ala. 667, 23 South. 699; Denson v. Ala. F. & F. Co., 198 Ala. 383, 73 South. 525; Pac. Guano Co. v. Mullen, 66 Ala. 582. Plea 4 is defective in failing to aver the debt was contracted in Alabama, and in affirmatively showing on its face that the debt is for items of goods shipped direct from the state of. Ohio by plaintiff to the defendant, an interstate shipment. The demurrers pointed out these defects. Vandiver v. Am. Can Co., 190 Ala. 352, 67 South. 299; Ware v. H. B. Shoe Co., 92 Ala. 145, 9 South. 136; 13 Corp. Jur. p. 515, § 472, and authorities hereinbefore cited.

The court did not err in sustaining demurrers to pleas 2, 3, and 4.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.