EDWIN C. BEST v. NICHOLAS KREY.[1]

April 19, 1901.

Nos. 12,604—(21).

**Evidence of Agent's Authority.**

The acts and conduct of an agent with reference to his principal's business constitute competent evidence to establish, by implication, authority in such agent to perform acts which are not expressly authorized, without regard to knowledge thereof by the principal.  Columbia Mill Co. v. National Bank of Commerce, 52 Minn. 224, followed.

**Indorsement of Check by Agent.**

The agent was employed for the express purpose of collecting accounts and selling goods.  In practice, he indorsed checks payable to the order of his principal, and purchased goods for the house.  *Held*, the evidence as to such course of selling was sufficient to sustain the conclusion that the agent was authorized to indorse the check upon which this action is founded.

Action in the district court for Ramsey county to recover the sum of $139.25.  The case was tried before Brill, J., and a jury, which rendered a verdict for defendant.  From an order denying

[1] Reported in 85 N. W. 822.

a motion for a new trial or for judgment notwithstanding the verdict, plaintiff appealed. Affirmed.

*C. M. Ferguson*, for appellant.

*L. J. Dobner*, for respondent.

LEWIS, J.

Appellant, Edwin C. Best, was engaged in the commission business under the name of E. C. Best & Co., at Minneapolis, and conducted a branch house in St. Paul under the management of one Tomlinson. About September 1, 1897, he employed a man by the name of Waynick for the express purpose of collecting accounts and selling goods for the St. Paul house. On October 9, following, Waynick received from one Parshall a check for $139.25, payable to the order of E. C. Best & Co., which he sold to the respondent, and received the face value thereof in money, but failed to account for it to his principal. This action is brought by the principal to recover the amount of the check, and, the trial having resulted adversely to plaintiff, an appeal was taken from the order of the court denying a motion for a new trial.

There are but two questions requiring the court's attention: First, the ruling of the court in admitting certain testimony as to the indorsement and collection by Waynick of checks payable to the order of appellant; second, was there any evidence in the case reasonably tending to support the verdict?

1. It being conceded that at the time Waynick was employed his authority was expressly limited to the collection of accounts and the sale of goods, it became necessary for respondent to show that, at the time he indorsed the check for $139.25 and received the money, he had authority so to do, either express or implied, at a date subsequent to his employment. In order to establish such authority, respondent called a witness by whom he showed that, during the five or six weeks Waynick was in appellant's employ, it was his habit to receive checks from appellant's customers, made payable to E. C. Best & Co. or order, indorse them, receive the money thereon, and use this money in the purchase of goods for appellant's benefit. It was to this testimony that appellant objected, upon the ground that such indorsement and

collection of checks by Waynick was no proof of agency, unless knowledge of such fact had been brought home to his principal. The testimony was admitted by the court upon the theory that it was not necessary to show that the principal had express knowledge thereof. This ruling was justified by the case of Columbia Mill Co. v. National Bank of Commerce, 52 Minn. 224, 53 N. W. 1061, where it is held:

"On the question of authority of an agent of a business concern, the party dealing with him may prove the course and manner of business in that concern as connected with such agent, from which actual authority may be implied, though the party did not know of such course and manner of business at the time of dealing with the agent."

Under the authority of this case, it was proper to show the manner in which the agent was conducting appellant's business, as bearing upon the question of his authority, and the evidence was properly received.

2. It is urged that the evidence was not sufficient to sustain the verdict, for the reason that there was not shown any authority in Waynick, because he was not expressly authorized to exercise any other powers than those of a collector of accounts and a seller of goods.

Conceding that in the first instance such authority had not been expressly conferred upon him, it appears from the record that Waynick upon the very first day of his employment received a check payable to the order of his principal, indorsed it in his name, received the money thereon, and used it in the purchase of goods for his employer's benefit. It further appears that on several different occasions he indorsed similar checks in the same manner, and that almost daily he appeared on the market, where he purchased, as well as sold, goods for the house. It also appears that five or six checks drawn by appellant to the order of Tomlinson, manager of the St. Paul house, were indorsed by Waynick by writing Tomlinson's and his own name on the back thereof, and that these checks were used in the ordinary course of business. The trial court submitted to the jury the question whether the fact that Waynick was permitted by appellant to

conduct his business under such methods and for such a length of time was sufficient to warrant a conclusion that he was authorized by appellant to indorse the check upon which this action is based. It must be observed that the ultimate fact submitted to the jury was not whether the agent had apparent, but actual, authority to indorse the check.

We think that question was properly submitted, and that the evidence reasonably tends to support the conclusion that Waynick had such authority. It was not necessary for respondent to show that appellant gave express or actual authority to the agent to indorse checks. It is sufficient if it appears that in the course of the principal's business his agent indorsed checks under such circumstances and for so long a period as to justify the inference that he had been given such authority. In other words, was the conduct of the agent with reference to the business sufficient to establish by implication that such authority was given, notwithstanding the direct testimony of the principal to the contrary? We think the evidence is sufficient to support the conclusion of the jury upon that question.

Order affirmed.