BARTON–PARKER MANUFACTURING COMPANY v. J. A. WILSON.[1]

November 24, 1905.

Nos. 14,571—(71).

**Principal and Agent.**

>    In an action involving the liability of the principal for the acts of his
> agent, it is *held* that the facts disclosed by the record do not bring the case
> within the principle laid down in Columbia Mill Co. v. National Bank of
> Commerce, 52 Minn. 224, and that a verdict for defendant was properly
> directed by the trial court.

Action in the district court for Big Stone county to recover $180
for goods sold upon a contract executed in defendant's behalf by an
employee. Defendant repudiated the contract as unauthorized. The
case was tried before Flaherty, J., who directed a verdict in favor of
defendant. From an order denying a motion for a new trial, plaintiff
appealed. Affirmed.

*Ray G. Farrington,* for appellant.

*Young & McElligott,* for respondent.

BROWN, J.

The facts in this case are as follows: Defendant was at the time
alleged in the complaint engaged in a general retail mercantile business
at Correll, a small town in Big Stone county, of this state. The stock
consisted of groceries, dry goods and various notions; but he had
never carried a line of jewelry. Defendant also operated an elevator
for the storage and handling of grain. At the time in question defend-
ant had in his employ a clerk named Farnham, who was designated on
his letterheads and other advertising matter as general manager of the
store; and as a matter of fact he exercised general authority in the
matter of selling and disposing of defendant's goods. At the time of
this transaction, plaintiff's traveling salesman appeared at the defend-
ant's store, made known his business, and solicited defendant to put
in a line of jewelry. Defendant was present at the time and stated to
the salesman, "We do not care to put in such a line," and also said to
Farnham, in the presence of the salesman, that he did not desire goods
of that kind. Defendant was then called to his elevator to receive some

[1] Reported in 104 N. W. 968.

wheat for storage, and plaintiff's salesman continued his efforts to procure an order for his goods from Farnham, and finally succeeded; Farnham ordering a supply of goods of that nature. Farnham informed defendant upon his return to the store of the fact that he had given the order, whereupon defendant promptly repudiated the same and directed Farnham to rescind the order. The evidence tends to show that Farnham at once wrote and mailed a letter to plaintiff, rescinding and canceling the order, and it is apparent that this letter must have reached plaintiff almost simultaneously with the order sent in by its salesman. Nevertheless the jewelry was shipped to defendant, who refused to accept or receive it, expressly so informing plaintiff by mail. This action was brought to recover the value of the goods. At the trial a verdict was directed for defendant, and plaintiff appealed from an order denying a new trial.

Plaintiff bases its right of action upon the claim that defendant held Farnham out as his general manager, and thus clothed him with apparent or implied authority to order the goods in question, and the rule laid down in Columbia Mill Co. v. National Bank of Commerce, 52 Minn. 224, 53 N. W. 1061; Best v. Krey, 83 Minn. 32, 85 N. W. 822, is invoked. It is contended that within the principle of those cases the evidence made a case for the jury, and that the court erred in directing a verdict for defendant. We do not concur in this contention. It appears from the undisputed evidence that defendant expressly informed plaintiff's salesman, when he solicited the order, that he did not desire to put in a line of that class of goods, and that he so stated to Farnham. In view of this, occurring in the presence of plaintiff's salesman, the rule of the cases cited can have no application. Plaintiff's salesman was in no way misled or deceived by any act or conduct on the part of defendant, and, in view of the express declaration of defendant that he did not wish to put in a stock of jewelry, it is clear that plaintiff's salesman had no right to rely upon any authority which might be implied from the conduct of defendant in advertising Farnham as his general manager. The salesman having been informed by defendant himself that he did not want goods of this kind takes the case out of the rule of the cases cited.

Our conclusion is that the learned trial court properly directed a verdict for defendant, and the order denying a new trial is affirmed.