James M. Ide et al., trading as George P. Ide & Company, Plaintiff in Error, v. J. Brody, Defendant in Error.

### Gen. No. 15,170.

1. AGENCY—*what not within implied authority of sales agent.* An agent making a sale of merchandise has no implied authority to give the purchaser an option to return any goods which he might subsequently buy of the principal.

2. SALES—*when option to return must be exercised.* An option given to a buyer to return goods if not satisfactory must be exercised within a reasonable time and the retention of the goods after the lapse of that reasonable time must be regarded as an acceptance of the goods which renders the buyer liable for their price.

3. SALES—*what does not amount to rejection or offer to return.* A complaint with respect to merchandise is not the equivalent of a rejection thereof or an offer to return the same.

Assumpsit. Error to Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the March term, 1909. Reversed with judgment here. Opinion filed June 30, 1910.

WILLIAM WALTER JOHNSTON, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff brought an action of the fourth class in the Municipal Court to recover $192.76 as a balance due for goods sold and delivered by plaintiff to defendant from March, 1906, to July, 1908. The cause was submitted to the court August 27, 1908, and there was a finding and judgment for the defendant. The statement of facts signed by the trial judge is, in part, as follows:

"The amount of plaintiff's demand was stated by defendant to be correct. The defendant testified that about three years ago the plaintiff's agent called on him and offered to install the plaintiff's goods in place of goods of other makes which the defendant had in stock; that the defendant accepted the offer; that at the same time the agent said that if the plaintiff's goods were not satisfactory they could be returned at any time; that the defendant from time to time

returned goods which were credited to his account; that shirts to the full amount of plaintiff's claim namely, $192.76, were defective; that he offered to return them in the last part of July or the early part of August, 1908, and that the offer was refused; that the shirts tore, were rotten and defective; that the shirts shrank when washed, and put in evidence one shirt torn when it was·worn once by the customer; that there were several that had torn similarly."

On cross-examination the defendant testified that he last bought shirts of plaintiff in October, 1907; that he then bought a bill of goods amounting to $120, but could not say that the purchase did not include articles other than shirts; that the only complaint he ever made about the quality of the goods was made to a salesman of plaintiff in January, 1908, and that the agent said he would see his firm and let him know; that he made no offer to return the goods until about August 1, 1908.

If it be conceded that the general language of plaintiff's agent, as testified to by defendant, gave to the defendant the option to return any goods which were not satisfactory to defendant which he might at any time thereafter purchase of the plaintiff, the question is presented whether plaintiff's agent had authority to make such a contract.

The principal who authorizes his agent to sell goods is presumed to authorize him "to sell in the usual manner, and only in the usual manner in which goods or things of that sort are sold." Story Agency, sec. 60. There is here no evidence tending to show that the subsequent sales were made by the agent who made the first sale, nor evidence of actual authority in the agent who made the first sale to make a contract in respect to subsequent sales. In Wait v. Borne et al., 123 N. Y. 592, it was held that the agent's implied authority to warrant the articles he sells extends only to goods he sells at the time of the warranty and, in the absecce of express authority, his warranty will not extend to subsequent sales made by his principal. In the opinion in that case, Peckham, J., said: "But nowhere is there any rule laid down that I have been able to find, enlarging the

scope of the agent's power to warrant beyond the necessities of the case, or so as to include subsequent sales not made by himself, but by his principal. It would, in my opinion, be granting to an agent altogether too broad a power, and it would be placing the principal too much at the mercy of the agent who, for the purpose of accomplishing a sale of a small amount, might lead his principals into liabilities of which they knew nothing and might know nothing until a claim for their settlement was presented to them. It is not necessary to grant to agents any such extensive powers in order that they may accomplish the purpose for which they are engaged, viz: the present sale by them of an article which belongs to the principal. Public policy, I think, forbids any such inferential powers, and if vendees seek to place liabilities of that nature upon principals, it is not too much to require that they should show actual authority of the agent to make such contracts." The reasons given for the conclusion reached apply with equal force to a contract of an agent giving the purchaser the right to return goods subsequently purchased of the principal. We think that the evidence fails to show any authority in the agent to make a contract giving the defendant the option to return the shirts in question.

But if the authority of the agent be also admitted, still the plaintiff was, on the evidence, entitled to judgment. An option given to a buyer to return goods if not satisfactory must be exercised within a reasonable time and the retention of the goods after the lapse of that reasonable time must be regarded as an acceptance of the goods which renders the buyer liable for their price. Childs v. O'Donnell, 84 Mich. 533; Benjamin on Sales, Bennett's ed., p. 569. The words "at any time" in the connection in which they were used by plaintiff's agent, only entitled the defendant to return the goods within a reasonable time after they were received. Park v. Whitney, 148 Mass. 278.

The complaint made by defendant of the goods in January, 1908, did not amount to a rejection of or offer to return the goods, and may be disregarded. August 1, 1908, when

defendant first offered to return the shirts, he had had all of them in his possession for nine months and a portion of them for a still longer time. The offer to return was not made within a reasonable time after the shirts were received, and thereby the defendant's right to return the same, if he had such right, was lost and he became liable to the plaintiff for their price.

The judgment of the Municipal Court will be reversed with judgment here for the plaintiff for $192.76 and costs of this court and of the Municipal Court against the defendant.

*Reversed with judgment here for the plaintiff.*