## SAMUEL J. BLOOMINGDALE AND OTHERS v. R. E. CUSHMAN.[1]

### November 24, 1916.

### Nos. 19,906—(59).

**Evidence — execution of note by corporation — statute inapplicable, when.**

  1. Where a corporation denies the execution of certain promissory notes and one of its officers, who shows himself qualified to speak authoritatively for it, makes oath that the notes were not executed by such corporation, section 8448, G. S. 1913, does not make the fact that the notes purport to have been executed by the corporation evidence of such execution.

**Corporation — accommodation notes — proof of authority of officer.**

  2. The notes in controversy having been executed without the knowl-

[1]Reported in 159 N. W. 1078.

Note.—The question of power of president or vice-president of a corporation to execute promissory note, is discussed in a note in 14 L.R.A. 356.

ledge of the corporation and without any consideration moving to the corporation, but solely for the accommodation of a third party, and never having been ratified by the corporation, plaintiffs, although holders "in due course," must show, in order to recover, that the officer purporting to have executed them had express, implied or apparent authority to execute notes for the corporation.

**Corporation — duty of officers — plaintiffs chargeable with notice.**

3. Plaintiffs are chargeable with notice of the statute under which the company was incorporated; and, as the statute required the company to prescribe the duties of its officers either in its certificate of incorporation or in its by-laws, plaintiffs are chargeable with notice of the powers of such officers as so prescribed.

**Corporation — authority of president to execute notes.**

4. The president of a corporation has no inherent power by virtue of his office to execute commercial paper for it.

**Same — by-laws.**

5. The corporation having provided in its by-laws that all notes issued by it should be signed by both its president and secretary, no actual authority either express or implied, as distinguished from apparent authority, existed in the president to execute such notes by his act alone.

**Principal and agent — apparent authority.**

6. The doctrine of apparent authority can be invoked only by those who had knowledge that the agent had been permitted to exercise such authority and who have acted in reliance thereon.

Action in the district court for Ramsey county to recover $6,506.19 upon three promissory notes. The case was tried before Brill, J., who, at the close of the testimony, directed a verdict in favor of defendant. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, plaintiffs appealed. Affirmed.

*Durment, Moore, Oppenheimer & Haupt,* for appellants.
*O'Brien, Young & Stone,* for respondent.
*Dodge & Webber* filed a brief as *amici curiae.*

TAYLOR, C.

Plaintiffs have a department store in the city of New York, and have a banking department therein, in which they carry on the business of private bankers and buy and discount commercial paper. On January

26, 1914, Isaacs Brothers, clothing manufacturers in that city, sold them four notes, dated January 15, 1914, payable one in March, one in April, one in May, and one in June, 1914, purporting to have been executed by the Knox-Burchard Mercantile Company of St. Paul, Minnesota, and which the vendors claimed to have received for merchandise sold by them to the St. Paul company. Plaintiffs paid Isaacs Brothers the face value of the notes less a discount of five per cent.

The Knox-Burchard Mercantile Company was a Minnesota corporation, organized in 1911, which did business in St. Paul as wholesale dealer and jobber in general merchandise until August, 1914, when it was dissolved and defendant Cushman was appointed as receiver to wind up its affairs. Of the notes held by plaintiffs, the one first due had been paid by some one other than the Knox-Burchard Company; the other three were unpaid and were filed with the receiver as claims against the company. They were disallowed. The district court, however, made an order that a complaint and answer be filed as in an ordinary action, and that the case be tried as an ordinary action at law. This was done, and, at the close of the trial, the court directed a verdict for defendant. Plaintiffs made the usual alternative motion for judgment *non obstante* or for a new trial, and appealed from the order denying this motion.

The answer denied the execution or indorsement of the notes by the Knox-Burchard Company, or that that company had ever received any consideration for them. In a verification attached to the answer, the secretary of the company, after showing himself qualified to speak authoritatively for the company, specifically denied that the company had executed the notes. Consequently section 8448, G. S. 1913, does not make the fact that they purport to have been executed by the company evidence that they were so executed.

The facts are briefly as follows: The Knox-Burchard Company purchased goods from Isaacs Brothers from time to time; but it does not appear that they ever received credit or gave notes for such purchases, and no claim is made that they were indebted to Isaacs Brothers at the time of the transactions in controversy. While in New York, in January, 1914, Knox, who was president of the company and had general charge of its affairs, was requested by Moe A. Isaacs, the head of the firm of Isaacs Brothers, to execute some notes in the name of the company for the ac-

commodation of Isaacs Brothers. Knox demurred somewhat, but finally executed four notes and left them with Isaacs. Shortly after returning to St. Paul, Knox received a telegram and also a letter from Isaacs requesting him to send four other notes of the same date, terms and tenor as the first four. Knox took four printed blank forms for notes, signed them, "Knox-Burchard Mercantile Co., per G. C. Knox, Pres.," indorsed them upon the back in the same manner, added his personal indorsement, and, without filling any of the blanks upon the face of the printed forms, sent them to Isaacs. Isaacs filled out the notes by inserting in the blanks therein the same words and figures contained in the first notes, and then sold them to plaintiffs as before stated. Neither Knox nor the company received any consideration for them.

Plaintiffs claim to be holders of the notes "in due course" within the meaning of the negotiable instruments act. The evidence would at least warrant a jury in finding that such was the fact, and the court could not rule as a matter of law that plaintiffs were not such holders. Consequently, the action of the court in directing a verdict for defendant can only be sustained on the ground that defendant is not liable upon the notes, conceding that they have passed into the hands of a good faith purchaser.

The company denied executing the notes; and, unless there be evidence that the company executed them, or had become obligated in some way to pay them, the ruling of the court was correct. It was incumbent upon plaintiffs to show that Knox had express, implied or apparent authority to execute the notes. Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 124 N. W. 236, 50 L.R.A.(N.S.) 74; Grant v. Duluth, M. & N. Ry. Co. 66 Minn. 349, 69 N. W. 23; Gould v. W. J. Gould Co. 134 Mich. 515, 96 N. W. 576, 104 Am. St. 264, 2 Ann. Cas. 519; City Electric Street Ry. Co. v. First Nat. Exch. Bank, 62 Ark. 33, 34 S. W. 89, 31 L.R.A. 535, 54 Am. St. 282; Star Mills v. Bailey, 140 Ky. 194, 130 S. W. 1077, 140 Am. St. 370; Elkhart Hydraulic Co. v. Turner, 170 Ind. 455, 84 N. E. 812; People's Bank v. St. Anthony's R. C. Church, 109 N. Y. 512, 17 N. E. 408; 3 Clark & Marshall, Private Corporations, § 709. The statute (G. S. 1913, § 6147), requires the certificate of incorporation to specify the board in which the management of the corporation is vested, and pursuant thereto the certificate of in-

corporation of the Knox-Burchard Company vested the management of its business in its board of directors. The board of directors never authorized or ratified the execution of the notes, and had no knowledge of their existence until after the company had passed into the hands of the receiver. The statute (G. S. 1913, § 6154), also requires the corporation to adopt by-laws, and further requires (G. S. 1913, § 6172), that the duties of the several officers of the corporation "shall be prescribed in the certificate of incorporation or in the by-laws." The Knox-Burchard Company adopted by-laws as required by the statute and prescribed the duties of its officers therein. These by-laws, among other things, provide that "all notes given by the company shall be signed by the president *and by the secretary.*" The notes in controversy were not so executed, neither were they executed for the benefit of the company, nor in connection with any business of the company. Nevertheless, if they had been executed by officers who had authority to execute notes on behalf of the company so that an inspection of the notes and of the provisions prescribing the powers of such officers would have disclosed no infirmity in them, they would probably be valid in the hands of a holder "in due course" although the company had not authorized them and had received no consideration for them. But an inspection of the notes and of the provisions specifying the powers of the officers, adopted pursuant to the statute, would have disclosed that they did not purport to be executed as such obligations were required to be executed when given by the company. Plaintiffs are charged with notice of the statute under which the company was incorporated, and of the provisions governing the conduct of its business which the statute provided for and required the company to adopt. If the notice of the powers of the officers imputed to plaintiffs by virtue of the statute were to be disregarded, the result would be the same, for the president of the corporation had no inherent power by virtue of his office to execute commercial paper for it, and the burden was upon plaintiffs to show not only that the notes were signed by him, but also that he had been given authority to execute notes on behalf of the corporation. 7 R. C. L. §§ 437, 438.

Plaintiffs proved that Knox had borrowed money for the company from St. Paul banks upon notes executed in the name of the company by himself as president without the signature of the secretary, and that

these loans had been repaid by the company. This tended to show apparent authority in Knox to execute such notes; but only those who have acted in reliance upon the apparent authority of the agent are entitled to recover where he possessed no actual authority express or implied. Dispatch Printing Co. v. National Bank of Commerce, 115 Minn. 157, 132 N. W. 2. Plaintiffs never had any dealings with the company, and had no knowledge whatever of the transactions with the St. Paul banks, and make no claim that they are entitled to recover as purchasers who acted in reliance upon the apparent authority of Knox. They insist, however, that the transactions with the St. Paul banks tended to prove not merely apparent authority in Knox but also implied authority, and that they are entitled to recover if Knox possessed implied authority to execute notes, although they took them without knowledge of the facts which establish such implied authority. Implied authority is actual authority, and it was competent for plaintiffs to show such authority, although the facts which establish it were not known to them when they made their purchase. Columbia Mill Co. v. National Bank of Commerce, 52 Minn. 224, 53 N. W. 1061. Implied and apparent authority are defined in Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 124 N. W. 236, 50 L.R.A.(N.S.) 74, as follows:

"Implied authority is that which the principal intends his agent to possess, and which is proper, usual and necessary to the exercise of the authority actually granted. It includes all such 'acts and things as are directly connected with and essential to the business in hand.' 2 Enc. L. & P. 948. Apparent authority is that which, though not actually granted, the principal knowingly permits the agent to exercise or which he holds him out as possessing."

In the present case it cannot be said that the company intended its president to possess the power to execute promissory notes, for it adopted a by-law expressly requiring such notes to be executed by both its president and secretary, and such by-law could be changed only by its stockholders, G. S. 1913, § 6154. It is true that actual authority, whether it be express or implied, may be inferred from facts and circumstances and the acts and conduct of the parties where the nature and extent of the power given to the agent is not specifically defined. Best v. Krey, 83 Minn. 32, 85 N. W. 822. But where the principal has expressly required

the concurrence of two agents to exercise a specific power, neither has implied authority to exercise such power without the concurrence of the other. The principal intended that neither should exercise it alone.

No rights resting upon the doctrine of estoppel or upon the exercise by an officer of apparent authority are here involved. The company never authorized the issuance of the notes, did not know that they had been issued, and never received any benefit from them. The officer who executed them had no express authority to execute notes by his act alone; and implied authority cannot be inferred in the face of the by-law which required the act of two officers to execute such instruments for the corporation. Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 124 N. W. 236, 50 L.R.A. (N.S.) 74; William Deering & Co. v. Kelso, 74 Minn. 41, 76 N. W. 792, 73 Am. St. 324.

It follows that plaintiffs failed to establish a right to recover upon the notes and the order appealed from is affirmed.