# EARL H. EBERLEIN v. STOCKYARDS MORTGAGE & TRUST COMPANY.[1]

August 21, 1925.

No. 24,626.

**Officer of trust company without implied power to bind it to repurchase securities sold.**

1. An officer of a trust company, having express authority to buy and sell securities, has no implied power in selling securities to bind the corporation by a contract to repurchase them on demand at "face value and accrued interest."

**Apparent authority of officer not provable by his transactions unknown to person dealing with him.**

2. One dealing with a corporation cannot prove an apparent authority of one of its officers by transactions between that officer and third persons which were unknown to him at the time of his own.

**When statements of former officer are inadmissible as admissions by his former employer.**

3. Statements by a former officer, made after the termination of his employment, are not admissible against a corporation as admissions, although they may become competent as impeachment of the testimony, if offered, of the person who made them.

1. See Banks and Banking, 7 C. J. p. 885, § 977.
2. See Agency, 2 C. J. p. 575, § 215.
3. See Evidence, 22 C. J. p. 381, § 444; Witnesses, 40 Cyc. p. 2740 (Anno).

Action in the district court for Dakota county. The case was tried before Johnson, J., who made findings, pursuant to the verdict of the jury as to issues of facts, in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict or for a

[1]Reported in 204 N. W. 961.

new trial was denied. Defendant appealed from the judgment. Reversed.

*D. L. Grannis*, for appellant.

*F. W. Foote*, for respondent.

STONE, J.

In 1919 defendant was operating as a trust company and in June of that year sold to plaintiff a note and certain bonds of the aggregate face value of $3,000. Plaintiff claims that, as a part of the contract of sale, defendant agreed that, if at any time thereafter while plaintiff was the owner of the paper he should so request, the defendant would repurchase it at "full face value and accrued interest." It is upon the alleged contract of repurchase that this action is brought. After a verdict for plaintiff, and an order denying its motion for judgment notwithstanding or a new trial, defendant appeals from the judgment.

1. Defendant's first point is that Mr. Schlesselman, then secretary of defendant, had no authority, in selling the securities, to bind defendant by a contract to repurchase them, at their face value and on demand of plaintiff. There was no proof of express authority. Proof of any actual authority is equally lacking unless by implication from the secretary's power, whatever it was, to buy and sell securities for defendant. Authority to sell certainly does not include authority to repurchase, but the precise argument is that an officer's authority to buy bonds for a corporation implies that he may repurchase those sold by it. But that is not the question now. That an officer has general power to buy for the corporation does not signify that he has the power to sell securities and *contract* to repurchase them at any time on demand.

If the officers of a trust company have the implied authority, solely because they may buy securities for it, to agree for it to repurchase on demand and at face value those they sell, they have the power to subject it to a contingent liability the sudden maturing of which, by the concurring demands of a large number of purchasers, may easily absorb its capital instantaneously. Certainly

such a power is not the design of the law, nor should it be permitted to any one officer of a quasi public financial institution such as a bank or a trust company. It is rather one of those unusual powers, accompanied by such hazards if used indiscriminately or too much, that it must be considered restricted to the board of directors, except as they themselves authorize its use in special cases.

We hold that there was no such implied authority. A power not incidental or necessary to one that is expressed does not attend the latter by implication. Dispatch Printing Co. v. Nat. Bank of Commerce, 109 Minn. 440, 124 N. W. 236, 50 L. R. A. (N. S.) 74; First Nat. Bank v. Schirmer, 134 Minn. 387, 159 N. W. 800; Bloomingdale v. Cushman, 134 Minn. 445, 159 N. W. 1078; Koivisto v. Bankers & M. F. Ins. Co. 148 Minn. 255, 181 N. W. 580. Not only is the power here sought to be implied unusual and unnecessary, but, because of its inherent danger, its absence rather than existence is the thing implied. An agent having authority to sell goods is not presumed to have authority to sell them in an unusual manner, particularly one obviously dangerous to the principal. His authority is presumed to go only to sales "in the usual manner in which goods or things of that sort are sold." Ide v. Brody, 156 Ill. App. 479, quoting from Story on Agency. As remarked by Mr. Justice Peckham in Wait v. Borne, 123 N. Y. 592, 25 N. E. 1053, it would be giving an agent altogether too broad a power and would be placing the principal too much at the mercy of the agent to empower the latter by implication to "lead his principals into liabilities of which they knew nothing and might know nothing until a claim for their settlement was presented to them." He went on to say:

"It is not necessary to grant to agents any such extensive powers in order that they may accomplish the purpose for which they are engaged, viz: the present sale by them of an article which belongs to the principal. Public policy, I think, forbids any such inferential powers, and if vendees seek to place liabilities of that nature

upon principals, it is not too much to require that they should show actual authority of the agent to make such contracts."

The same thought controlled in Friedman & Sons v. Kelly, 126 Mo. App. 279, 102 S. W. 1066. A salesman of merchandise, the defendant purchaser averred, had agreed if the goods were not as represented "or if for any cause he (defendant) found he could not sell them," they might be returned for credit. The agent had no express authority so to bind his principal and the court held that he had no other, saying:

"He (defendant) is therefore precluded from asserting the apparent authority of the agent to make the contract, which, if made, and was binding in every case, would probably result in entailing bankruptcy upon the most stable manufacturers and wholesalers who attempted to sustain their credit by abiding such conditions."

Compare John Stember & Co. v. Keene (Tex. Civ. App.) 152 S. W. 661; George De Witt Shoe Co. v. Adkins, 83 W. Va. 267, 98 S. E. 209; Leverett v. Garland Co. 206 Ala. 556, 90 South 343; Continental Ins. Co. v. Schulman, 140 Tenn. 481, 205 S. W. 315; Moorman Mnfg. Co. v. Selsor (Mo. App.) 226 S. W. 89.

We are not overlooking the custom, of which the record carries evidence, of trust companies, including defendant, to maintain a market for the securities in which they deal  To do so, they repurchase, in large volume, paper originally sold by them. But they do so at their own option and not under the compulsion of contract. Moreover, the price they pay is that of the market at the time being and not the face value.

Actual authority, express or implied, being negatived, there remains the possibility of apparent authority. We do not discuss it at length because there must be a new trial. But it is proper to invite attention to two things which must be borne in mind in every attempt to prove apparent as distinguished from actual authority. First, such authority cannot be proved by the actions and statements (other than testimonial) of the agent. Sencerbox v. McGrade, 6 Minn. 334 (484). Only those of the principal are rele-

vant. Reinforced Concrete Pipe Co. v. Boyes, 180 Mich. 609, 147 N. W. 577. But things done by an agent with the consent of the principal become the acts of the latter. Compare James B. Clow & Sons v. A. W. Scott Co. 162 Minn. 501, 203 N. W. 410.

2. The other thing to be borne in mind is that only those who have acted in reliance on apparent authority are entitled to recover where the agent possessed no actual authority, express or implied. Bloomingdale v. Cushman, 134 Minn. 445, 159 N. W. 1078. The application of that rule to this case is that the transactions between Mr. Schlesselman, while secretary of the defendant, and third parties, are without materiality unless it is shown that plaintiff had knowledge of them at the time he bought the paper from defendant.

3. Mr. Schlesselman was not in the employ of the defendant at the time of the trial. Some time after he quit its employ, he is alleged to have made admissions tending to substantiate plaintiff's version of the agreement to repurchase. Testimony of those admissions was received over objection.

That was error for two reasons: First, even if Mr. Schlesselman was still in the employ of defendant at the time of the alleged admission, it would not have been competent as against defendant, his principal, without showing that the admission was made within the scope of his authority and the course of defendant's business. Longman v. Anderson, 160 Minn. 15, 199 N. W. 742. Second, an admission by one in such a position is not admissible against a former employer. Browning v. Hinkle, 48 Minn. 544, 51 N. W. 605, 31 Am. St. 691; Whitney v. Wagener, 84 Minn. 211, 87 N. W. 602, 87 Am. St. 351. Such statements are hearsay and incompetent. In a proper case and on sufficient foundation, they may become competent for purposes of impeachment but here they were not so used. They were offered and received as independent and original evidence.

At the trial, it was suggested that, even though Mr. Schlesselman lacked any authority to promise plaintiff a repurchase on his demand, plaintiff would yet be entitled to recover if he parted with his money on the faith of such a promise. The answer is that this

action stands on express contract and is not to recover damages for fraudulent misrepresentation. At least that was not the theory of the trial. In contrast see Picha v. Cent. Met. Bank, 161 Minn. 211, 219, 201 N. W. 315, 203 N. W. 617. Although the complaint asks for rescission of the original contract of purchase, seemingly on the ground of misrepresentation, the case was not tried and has not been presented here on that theory.

Order reversed.