Paul Brush, Trading as Paul Brush Rose Nursery, Appellee, v. Mandel Brothers, Inc., Appellant.

Gen. No. 45,264.

Opinion filed January 31, 1951.  Released for publication March 13, 1951.

TAYLOR, MILLER, BUSCH & MAGNER, of Chicago, for appellant; CHARLES R. SPROWL and THOMAS E. DEACY, JR., both of Chicago, of counsel.

CHARLES O. BUTLER, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court. This is an action to recover $2,304.25 the value of rose bushes delivered by plaintiff to the defendant.

The court, without a jury, found the issues against defendant and entered judgment for plaintiff for the full amount sought. Defendant has appealed.

On March 20, 1948, plaintiff's agent called at defendant's place of business. Defendant gave plaintiff an order for rose bushes of the value of $3,660.06. Delivery was made about March 30th. On May 7th plaintiff's agent took back rose bushes of the value of $1,080.00. May 24th defendant wrote plaintiff that the remaining bushes had been taken "off sale" and asked advice about their disposition. Having no response, it wrote again on June 5th asking immediate shipping instructions. Plaintiff refused to direct shipment and brought suit on September 8, 1948.

The question is whether under the contract of sale the defendant is chargeable with the price of the rose bushes which on May 24th it had advised plaintiff had been taken "off sale". Defendant admits owing plaintiff $701.00 for bushes which it sold and has tendered this sum in its Defence.

Defendant's offer to buy the bushes was written on a Merchandise Order form. The order was signed by Schreiber, as buyer, and approved by Berman, merchandise manager of defendant. In large print on its face the order was made subject to instructions on its face and back. Below the spaces for signature and approval, on the face of the order, there is, in large print, the notice: "IMPORTANT:—SEE OTHER SIDE". On the back of the order, among other provisions, is a condition making validity of the order dependent upon written approval of an officer or merchandise manager; another condition making alteration of the order dependent upon written approval of an officer or of the manager who approved the original order; and another condition in which it is "agreed" that no statement, etc., affecting delivery or return of the merchandise has been made by any agent of the defendant except as

499

stated in the order. On the face of the instant order there is printed in ink by hand the following: "Any portion of above unsold merchandise may be returned at any time subject to Mandel Bros. discretion". This written offer was accepted by plaintiff and shipment of the rose bushes made from Texas pursuant thereto.

On May 7th plaintiff's agent made an inventory of the bushes on hand at defendant's store. This preceded the carrying away of the bushes on that day. The agent was permitted to testify, over defendant's objection, to a conversation with Lesserman, assistant to Schreiber. This testimony purported to show that defendant was notified at the time not to keep more of the bushes that it should be responsible for because the selling season would be over "in ten days or two weeks". The assistant buyer denied the substance of the testimony. Plaintiff relies upon these conversations as the basis for his claim that under the contract defendant had "exhausted its discretion" to return the balance of the bushes on May 7th.

■ We think the written contract is complete and unambiguous. This is not a case where testimony is necessary to fill in details or clarify meaning or complete the terms of a contract. Cases involving those necessities are not helpful. There was no need for the court to hear testimony in "determination of the discretion" of defendant. What was done by plaintiff's agent in inventorying and carrying away a quantity of the bushes was consistent with the contract. What was said to him by Schreiber's assistant is not, in our opinion, consistent with the contract. The conversations were in "alteration" of the terms and were inadmissible. Defendant had the very broad, clear privilege of returning "any portion of above sold merchandise . . . at any time" subject to its discretion. Nothing was said as to the exact time limit during which it could return any portion.

This is a different contract of sale from that in *Ide v. Brody,* 156 Ill. App. 479, where goods were returnable at any time *if not satisfactory* and where the buyer held shirts for nine months before offering their return. There "anytime" was interpreted as a reasonable time. Mandel Brothers' privilege was to return "unsold" bushes. Had it decided to do so, it might have waited until June 5th, when the season ended, to make the return or could have returned bushes from time to time as selling conditions dictated. It sought by the letter of May 24th to make the return. In its contract defendant clearly provided against the event it feared would happen.

There is no need to cite authority for our conclusion that since the contract was clear and unambiguous, testimony of the conversations was inadmissible. The contract terms gave defendant the right which it exercised May 24th. Its responsibility for the unsold bushes ended when plaintiff rejected recognition of that right by failing to give shipping instructions. The judgment is reversed and the cause remanded with directions to enter a judgment for plaintiff for $701.00.

*Judgment reversed and cause remanded with directions.*

BURKE, P. J., and LEWE, J., concur.