STATE v. NELS GUSTAVSON.[1]

April 27, 1951.

No. 35,442.

*Jay W. Smith,* for appellant.

---

[1]Reported in 47 N. W. (2d) 552.

*John F. Bonner,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

THOMAS GALLAGHER, JUSTICE.

This is an appeal from an order of the municipal court of Minneapolis denying defendant's motion for an order setting aside and vacating the judgment or for a new trial. Defendant was found guilty of violating the municipal building ordinances of the city of Minneapolis, in that he erected and constructed an outside stairway on his property at 2645 Park avenue in Minneapolis without first having obtained from the city building inspector a permit to do so.

In particular, defendant is charged with a violation of Minneapolis City Charter and Ordinances 1949 (Perm. ed.) §§ 1:1-201 and 1:1-201.6. Section 1:1-201 provides:

"Before proceeding with the erection, alteration, repair, moving or change of class of any building or other structure regulated by this code, a permit therefor shall be obtained from the Department, * * *."

Section 1:1-201.6 provides:

"* * * Permits shall not be required for repairs and alterations to any building, the cost of which will not exceed Fifty Dollars ($50.00), but such repairs or alterations for which such permits are not required, shall not be construed to include the changing of any of the structural part of any building or the alteration, removal or closing of any stairway or exit, or the altering of any chimney or heating plant."

It is not disputed that defendant erected the stairway in question without obtaining the permit required by the ordinance referred to. It is defendant's contention, however, that the total cost of the labor and material above the work did not exceed the sum of $50, and hence that under § 1:1-201.6 no permit was required. The case was tried on this issue alone, and the trial court found against defendant thereon.

To establish that defendant's costs for the alterations described exceeded the sum of $50, the state called Oscar M. Ostrem, a deputy building inspector and formerly a general contractor, who testified as follows:

"Mr. McHale [counsel for the state] : The question I am going to ask him is that over $50, that construction.

"Mr. Smith [counsel for defendant] : The value or the cost?

"Mr. McHale: The value.

"Mr. Smith: The ordinance says of a cost over $50, and we will present testimony as to the cost. So I object to any testimony as to the value of these improvements.

"Q.  What did it cost to build that?

"Mr. Smith: Objected to as no foundation laid.

*     *     *     *     *

"Q.  What would you say the cost of that would be, building that stairway?

"Mr. Smith: Objected to as incompetent.

"Q.  Would the cost be over $50?

"A.  Yes.

"Q.  What would you say it would cost?

"A.  Oh, I would say around $400, material and labor."

On cross-examination it was established that the witness did not know whether new or used lumber had been furnished in the project or that defendant had furnished his own labor thereon. He estimated that at least 1,000 board feet of lumber had been required and expressed the opinion that lumber of the type used would cost $120 a thousand if new.

Defendant testified that only 640 feet of secondhand lumber had been used in the construction; that he had purchased it at the rate of $50 a thousand for a total cost of $32; that other material required consisted of nails of the value of $1.25; and that he had performed all labor on the project himself, with the exception of four hours furnished by a part-time helper, whom he paid at the rate of one dollar per hour. He estimated the value of his own

services at one dollar per hour, as he was not a skilled mechanic or carpenter. He testified that the total cost of the project, including labor and material, was, therefore, the sum of $49.25.

■ We are of the opinion that the evidence above outlined is insufficient to support the trial court's finding against defendant. It is significant that § 1:1-201.6 of the ordinance provides that permits shall not be required for alterations "the cost of which will not exceed Fifty Dollars ($50.00)." Cost has been defined as "The amount paid, charged, or engaged to be paid for anything bought." 14a C. J., Cost, p. 1433; 20 C. J. S., Cost, p. 241. It is defined in Black, Law Dictionary (3 ed.) p. 446, as "The amount originally expended in performing a particular act or operation, or for production or construction, as of a building." In Kempf v. Ranger, 132 Minn. 64, 15 N. W. 1059, we stated that cost, as relating to building and machinery, meant actual cost of construction, as distinguished from the amount paid for property .

There may be cases where opinion evidence as to value based upon accurate information as to the kind, quality, amount, and cost of material and labor actually furnished in connection with an improvement will be considered sufficient to sustain a finding with reference to cost as contemplated by the ordinances referred to; but where, as here, opinion evidence as to value only is submitted and is shown to be based upon inadequate information as to the quality, cost, and amount of labor and material furnished, it must be held that such evidence is insufficient to sustain the trial court's finding that the cost of the described project exceeded the sum of $50.

■ The state asserts for the first time here that a violation of the ordinance was established because the stairway involved constituted a structural change requiring a permit under § 1:1-201.6, regardless of the cost thereof. No evidence was presented on this issue, and, as indicated, the contention on this point is raised for the first time here. It presents an entirely new theory of the case, and, under well-established rules, cannot be considered here as a basis for affirmance. Lee v. Peoples Coop. Sales Agency, Inc.

201 Minn. 266, 276 N. W. 214; Eberlein v. Stockyards M. & T. Co. 164 Minn. 323, 204 N. W. 961; St. Paul State Bank v. Rippe G. & M. Co. 160 Minn. 102, 199 N. W. 519; 1 Dunnell, Dig & Supp. § 401.

Reversed.