**TRUCK CRANE SERVICE CO., Respondent,**

v.

**BARR–NELSON, INC., Appellant.**

No. C5–82–192.

Supreme Court of Minnesota.

Feb. 18, 1983.

Erich J. Russell, Minneapolis, for appellant.

Moriarty & Janzen and Robert E. Woods, Minneapolis, for respondent.

AMDAHL, Chief Justice.

Defendant Barr-Nelson, Inc. appeals from a decision holding it liable under a payment guarantee agreement signed by an employee, Victor Barr, without its knowledge and against its express denial of liability. We reverse, holding that the employee lacked apparent authority sufficient to bind the principal as a matter of law.

The respondent Truck Crane Service Co. supplied cranes for several job sites where Barr-Nelson was the general contractor. Barr-Nelson ordered these services directly in some instances, and the amount due under these orders is undisputed. However, Barr-Nelson's subcontractor, Associated Builders, also ordered crane services for a Barr-Nelson project. Under the subcontract, Associated Builders was directly liable for these services, and was initially

billed for them. Associated Builders then disappeared or became insolvent in mid-performance of this contract and failed to pay for services rendered by Truck Crane at a Barr-Nelson job site.

Truck Crane then billed Barr-Nelson for the services ordered by Associated Builders, but Barr-Nelson denied liability and refused to pay. On November 29, 1979, George Barr, president of Barr-Nelson, memorialized his objections to these billings in a letter to Truck Crane, and asserted the liability of Associated Builders. Truck Crane's chief executive officer, who was aware of the letter from George Barr, nevertheless called the Barr-Nelson offices and attempted to negotiate a payment guarantee agreement with an employee, Victor Barr.

Victor, brother of George Barr, had been the secretary-treasurer of Barr-Nelson until June of 1978. He had once had the authority to sign checks, and his name had been printed on company checks with the title "Secretary-Treasurer" until this dispute arose in 1979. Truck Crane had received one of the checks bearing this imprint on October 18, 1979, but that check was signed by another Barr-Nelson officer, Dave Nelson. There was no evidence that any personnel at Truck Crane had noticed or remembered this check or its imprint prior to the time the guarantee was signed.

When Truck Crane reached him at Barr-Nelson's offices, Victor was there to help open mail and answer phones on a voluntary basis; George Barr was aware of this activity. Victor also worked on a paid basis as a construction laborer for the company.

During their telephone conversation, Victor Barr and the Truck Crane officer discussed the disputed invoices, and Victor admitted they were all related to Barr-Nelson projects and that Truck Crane "had the money coming." In response to Truck Crane's threat of legal action, Victor agreed to sign a guarantee agreement. He was not informed of George Barr's earlier letter to Truck Crane, nor did Truck Crane inquire as to Victor's authority to override the position taken by George Barr.

The sole issue raised in this appeal is whether Victor Barr was clothed with apparent authority sufficient to bind the principal, Barr-Nelson, Inc.

■ Apparent authority to contract for the principal consists of the following elements:

> The principal must have held the agent out as having authority, or must have knowingly permitted the agent to act on its behalf; furthermore, the party dealing with the agent must have actual knowledge that the agent was held out by the principal as having such authority or had been permitted by the principal to act on its behalf; and the proof of the agent's apparent authority must be found in the conduct of the principal, not the agent.

*Hockemeyer v. Pooler,* 268 Minn. 551, 562, 130 N.W.2d 367, 375 (1964). *See also Mooney v. Jones,* 238 Minn. 1, 9, 54 N.W.2d 763, 767 (1952); 2 S. Williston, A Treatise on the Law of Contracts § 277A (3d ed.1959).

■ The trial court found that several factors reasonably interpreted by Truck Crane caused them to believe that Victor Barr was acting as Barr-Nelson's agent: Victor had been secretary-treasurer for Barr-Nelson and no steps were taken to inform Truck Crane that Victor no longer held that office; Victor's name appeared on company checks as secretary-treasurer; Victor was an employee who answered telephones and did other general office work for the company; and Barr-Nelson knew or should have known of, and acquiesced in such conduct by Victor.

These factors are insufficient as a matter of law to support a finding of apparent authority sufficient to bind the principal. They do not clearly establish an affirmative course of conduct by the principal that would constitute holding out or even knowingly permitting Victor to contract for the company. Even less do they establish reliance by the plaintiff on any such acts of the principal. The appearance of Victor's name and title on company checks would be the strongest factor in the plaintiff's case,

but for the fact that plaintiff failed to establish any awareness of or reliance on it at the time the agreement was reached. Apparent authority "exists only as to those third persons who learn of the manifestation from words or conduct for which the principal is responsible." *Duluth Herald & News Tribune v. Plymouth Optical Co.,* 286 Minn. 495, 498–99, 176 N.W.2d 552, 555 (1970) (footnote omitted). Victor's presence in the company offices and conduct of opening mail and answering phones was similar to that of any clerical employee; when he stepped out of his permitted role and presumed to contract for the company, the law of agency became effective and shielded the principal from liability for acts of the employee of which the principal neither knew nor approved.[1]

Further, one who deals with an agent is put to a certain burden of reasonableness and diligence. "Every person who undertakes to deal with an agent is put on inquiry and must discover whether the agent has the authority to complete the proposed act." *West Concord Conservation Club v. Chilson,* 306 N.W.2d 893, 896 (Minn. 1981). We have previously held that as a matter of law, a general manager of a retail store was without apparent authority to contract for a new line of goods, where the store owner had first told the plaintiff that he did not desire to put in that line of goods. *Barton-Parker Mfg. Co. v. Wilson,* 96 Minn. 334, 104 N.W. 968 (1905). The fact that the plaintiff in this case had been notified in writing by Barr-Nelson's president that Barr-Nelson denied liability for these services put the plaintiff on inquiry as to the authority of any other Barr-Nelson employee to countermand such a position.

Because Truck Crane admitted some of the disputed billings were initially sent to Associated Builders rather than to Barr-Nelson, and because Barr-Nelson did admit liability for part of the amount claimed, the

precise extent of Barr-Nelson's liability remains in dispute. We therefore reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

---

1. The result has been different where members of the public were dealing over the telephone with employees of an insurance provider, for example, since recovery in those cases was premised on the fact that the public was invited to conduct such business over the telephone and had no reasonable basis for questioning the authority of the employee to speak for the company. *See, e.g., Sauber v. Northland Insurance Co.,* 251 Minn. 237, 244–45, 87 N.W.2d 591, 596–97 (1958).